No. 2776

Second Circuit

———

ROWLAND v. CADDO TRANSFER AND WAREHOUSE CO.

———

(December 11, 1926.  Opinion and Decree.)

———

(*Syllabus by the Court*)

1.  **Louisiana Digest—Automobiles—Par. 8.**

In a suit for damages, by a passenger injured in a collision while riding in a motor bus maintaining a regular schedule between Shreveport and Texarkana, proof by the plaintiff that the accident was caused by the bus being driven into a telephone pole on the side of the road, at a speed of between 30 and 35 miles an hour, just after the motorman had exclaimed "look out", constitutes a cause of action and renders it necessary for the defendant, in order to escape liability, to overcome the presumption arising from the accident under this state of facts.

   Stokes vs. Saltonstall, 13 Pet. 115.
   Sweeney vs. Erving, 228 U. S. 233.

2.  **Louisiana Digest—Automobiles—Par. 8; Negligence—Par. 41.**

Suit by plaintiff, that while a passenger for hire on a motor bus, he was injured in an accident caused by the bus being driven into a telephone pole on the side of the road, at a speed of between 30 and 35 miles an hour, after the motorman had exclaimed "look out", warranted the application of the doctrine res ipsa loquitur to the extent of making it necessary for the de-

fendant, in order to escape liability, to overcome the presumption of negligence arising from the collision under the circumstances detailed.

**3.  Louisiana Digest—Negligence—Par. 41.**

Defendant, who was in better position to know the cause of the accident than plaintiff, must, in order to overcome the prima facie case made for the plaintiff by proof of the accident, show that the accident was not the result of any negligence on its part.

> Lykiardopoulas vs. N. O. C. R. L. & P. Co., 127 La. 309, 53 South. 575.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by James E. Rowland against Caddo Transfer and Warehouse Co.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Long and McSween, of Shreveport, attorneys for plaintiff, appellee.

E. W. and P. N. Browne, of Shreveport, attorneys for defendant, appellant.


## STATEMENT OF THE CASE

REYNOLDS, J.  This is a suit to recover $21,025.00 damages for injuries alleged to have been sustained by plaintiff in a motor bus belonging to defendant in which plaintiff was a passenger for hire being driven into a telephone pole on the side of the road at a speed of between 30 and 35 miles an hour just after the motorman had exclaimed "look out".

Plaintiff's injuries consisted of a split lip, a cut on the head, a broken jaw bone and other lesser injuries.

Defendant denied liability and especially alleged that plaintiff had not suffered any undue pain and that his injuries had not necessitated any continued or extensive medical treatment.

On these issues the case was tried and there was judgment in favor of the plaintiff for $1500.00 with legal interest thereon from judicial demand, and defendant appealed. Plaintiff has answered the appeal and asks that the judgment be increased to $10,000.00.


## OPINION

The question for decision in this case is whether proof by the plaintiff that while he was a passenger for hire on a motor bus operated by defendant and maintaining a regular schedule between Shreveport and Texarkana he was injured in a wreck caused by the bus being driven into a telephone pole at a speed of between 30 and 35 miles an hour just after the motorman had exclaimed "look out" is sufficient evidence of negligence on the part of the defendant to warrant a judgment in favor of the plaintiff in the absence of any explanation by defendant of the cause of the accident tending to show that it was not the result of negligence on its part.

At the time of the accident plaintiff was riding on a "jump" seat behind the seat on which the motorman was sitting. The motorman, therefore, was in better position to see the cause of the accident than the plaintiff was, and the motorman's exclamation "look out" indicates that he did see the threatened cause of the accident before the plaintiff or any other occupant of the bus.

In an able and exhaustive brief defendant contends that the facts of this case

do not warrant the application of the doctrine of res ipsa loquitur; plaintiff, claims that the doctrine is applicable, and that it is decisive of this case.

A leading case, in which the doctrine is fully discussed, is that of Stokes vs. Saltonstall, supra, where the court said:

"In an action against the owner of a stagecoach used for carrying passengers, for an injury sustained by one of the passengers by the upsetting of the coach, the owner is not liable unless the injury of which the plaintiff complains was occasioned by the negligence or want of skill or care in the driver of the carriage, in which he and his wife were passengers; and the facts that the carriage was upset, and the plaintiff's wife injured, are prima facie evidence that there was carelessness or negligence or want of skill on the part of the driver; and throws upon the defendant the burden of proving that the accident was not occasioned by the driver's fault."

And in Sweeney vs. Erving, supra, the Supreme Court of the United States, in reviewing the above case, said:

"In Stokes vs. Saltonstall, 13 Pet. 181, 190 (10 L. ed. 115, 121), which was an action against a stagecoach owner to recover damages for an injury sustained by a passenger through the upsetting of the coach, the trial court instructed the jury that 'the facts that the carriage was upset and the plaintiff's wife injured are prima facie evidence that there was carelessness or negligence, or want of skill, on the part of the driver, and throws upon the defendant the burden of proving that the accident was not occasioned by the driver's fault'; and also that it was incumbent on the defendant to prove that the driver was a person of competent skill and good habits and that he acted on the occasion in question 'with reasonable skill, and with the utmost prudence and caution'. The judgment was sustained by this court against the contention that although the facts of the overturning of the coach and

the injury sustained were prima facie evidence of negligence, they did not throw upon the defendant the burden of proving that the overturning and injury were not occasioned by the driver's default but only that the coachman was a person of competent skill in his business, that the coach was properly made, the horses steady, etc. A reading of the report shows that the case turned upon the high degree of care owing by the carrier to passenger, and that the court did not rule that the circumstances of the occurrence shifted the burden of proof upon the main issue. Such is the effect that has uniformly been given to the decision."

And the court, after citing many decisions, proceeds:

"In our opinion, res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict; res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff. Such, we think, is the view generally taken of the matter in well-considered judicial opinions."

Agreeably to the above authorities, we are convinced that the accident happened because of defendant's bus being run into a telephone pole on the side of the road immediately after the motorman had exclaimed "look out" at a speed of between 30 and 35 miles an hour, and that proof of these facts warranted the lower court in rendering judgment against the defendant, in the absence of any evidence on the part of the defendant tending to show that

the accident happened without its fault. The driver of the bus was in a better position to know the cause of the accident than the plaintiff and his exclamation "look out" indicates that he saw and understood the causes leading up to the accident before any other occupant of the bus.

The accident itself, under the conditions established by the evidence, in the absence of any explanation by the defendant, we think warranted the lower court in giving judgment for the plaintiff.

This brings us to the question of damages.

We have carefully read the evidence, and there is no disputing the fact that plaintiff was seriously and painfully injured. He received cuts on the face, head and lip and his jaw was broken; but all of these injuries have healed.

He contends that his voice was impaired, but from all the evidence we are unable to trace any injury in his voice to the accident complained of.

After carefully weighing all of the evidence, as to the quantum of damages, we are convinced that the judgment of the lower court has done substantial justice between plaintiff and defendant.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.