(116 So. 563)

No. 26883.

**BARRET et al. v. CADDO TRANSFER & WAREHOUSE CO., Inc.**

March 12, 1928. Rehearing Denied April 9, 1928.

*(Syllabus by Editorial Staff.)*

**1. Automobiles ⬳242(2)—That automobile skidded is not evidence of negligence.**

Mere fact that automobile skidded is not evidence of negligence.

**2. Automobiles ⬳155—Driving heavy truck, skidding into plaintiffs' building, down slippery paved street with sloping grade and turning into alley at speed at 8 to 10 miles per hour held an act of recklessness.**

Driving heavy truck down paved street with sloping grade with surface admittedly slippery and turning into an alley at right angle at speed of 8 to 10 miles an hour, with result that truck skidded into corner of building, knocking down corner of three-story brick building, *held* to be an act of recklessness.

**3. Automobiles ⬳146—Truck driver must exercise degree of care commensurate with danger.**

The greater the danger in operating truck the greater the degree of care that is required of driver.

**4. Automobiles ⬳244(3)—Evidence held to show defendant's truck which skidded into plaintiffs' building knocking down corner of building when turning into alley was operated negligently, wrongfully, and inexpertly.**

In action for damages to plaintiffs' building by defendant's truck when it skidded into iron post supporting corner of building and knocked down entire corner of plaintiffs' three-story brick building, evidence *held* to show that defendant's truck was operated negligently, wrongfully, and inexpertly as alleged in plaintiffs' petition.

O'Niell, C. J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Action by Hollingsworth B. Barret and others against the Caddo Transfer & Warehouse Company, Inc. From a judgment for plaintiffs, defendant appeals. Affirmed.

Cook & Cook and Barksdale, Bullock, Warren, Clark & Van Hook, all of Shreveport, for appellant.

John B. Files, Pike Hall, Jr., and H. B. Barret, all of Shreveport, for appellees.

LAND, J. Plaintiffs sue defendant company for the sum of $2,201.66, alleged to be due as damages for injury done to their building by a truck of defendant company.

From a judgment in favor of plaintiffs for the amount claimed, defendant company has appealed.

Plaintiffs are the owners of a building located at 618–620 Louisiana street in the city of Shreveport. In going south on Louisiana street from Milam street, plaintiffs' building is on the right-hand side near the center of the block and borders on the north, or Milam street side, on an alley which runs at right angles into Louisiana street. The corner of the building at the intersection of the alley with Louisiana street is squared, so as to provide an entrance at that point. This corner, with its superstructure, is supported at the entrance by an iron post, 10 or 12 inches in diameter. There is considerable incline in Louisiana street, beginning at or near Milam street and extending a distance of nearly a half block, until the approach to the alley is reached.

On January 30, 1923, in the daytime, a truck belonging to defendant company was driven by one of its employees down Louisiana street from Milam street, on its way to the warehouse of defendant company which is located on the alley about 75 feet from its entrance into Louisiana street. In attempting to turn to the right out of Louisiana street into the alley, the truck skidded upon and across the sidewalk, and against the iron post supporting the alley corner of plaintiffs' building. The impact was so violent that the iron post was dislocated and knocked down, and the entire squared corner of plaintiffs' three-story brick building, from ground floor to roof, collapsed and toppled to the sidewalk. The driver of the truck was buried in the débris and instantly killed.

There is no dispute, either as to the quantum of damages claimed, or as to the fact that the damages resulted from the collision of defendant company's truck with the building of plaintiffs.

The sole defense to the suit is that the accident was not caused by any fault or negligence on the part of defendant company's employee but resulted from the unavoidable skidding of the truck, due to the slippery condition of the pavement at the point where the accident occurred.

Plaintiffs contend that the doctrine of res ipsa loquitur applies to the case and, in the alternative, that the specific negligence of defendant company has been sufficiently proved.

[1] It is settled that the mere fact that an automobile skidded is not evidence of negligence. Berry on Automobiles, § 156; Huddy on Automobiles, § 336; Cyc. on Automobile Law, p. 269.

As is well said in Linden v. Miller, 172 Wis. 20, 177 N. W. 909, 12 A. L. R. 665:

"Skidding may occur without fault, and when it does occur it may likewise continue without fault for a considerable space and time. It means partial or complete loss of control of the car under circumstances not necessarily implying negligence. Hence plaintiff's claim that the doctrine of res ipsa loquitur applies to the present situation is not well founded. In order to make the doctrine of res ipsa loquitur apply, it must be held that skidding itself implies negligence. This it does not do. It is a well-known physical fact that cars may skid on greasy or slippery roads without fault either on account of the manner of handling the car or on account of its being there."

If, in the present case, the plaintiffs relied solely upon the fact of the skidding of the truck and the resultant injury to their building, their demand for damages would have to be rejected and their case dismissed.

However, plaintiffs charge that the employee of defendant company, in attempting to turn out of Louisiana street into the alley, operated the truck "so negligently, wrongfully, and inexpertly" that the machine left the roadway "and ran, or skidded," over the curb, and crashed into the iron post which supported the building at its corner on the alley.

Plaintiffs allege also that because of the wet condition of Louisiana street at the time of the accident, and the downward grade of the street for more than 100 feet in advance of the point where the employee of defend-

ant company attempted to turn into the alley, a higher than ordinary standard of care was required to insure the safe operation of the truck.

That the street was *slippery and the grade downward* are admitted facts. In addition to this, there is positive evidence in the record that the employee of defendant company operated this truck down grade and upon a slippery pavement *at a rate of speed of 8 to 10 miles per hour*, and slowed down but a trifle in his attempt to make the turn from the street into the alley, when the machine skidded and crashed headlong into the building. The accident was sudden and was accompanied by terrific force, as is shown by the nature and extent of the damage resulting to plaintiffs' building.

Defendant company has attempted to minimize the serious damage done to plaintiffs' building by the impact of the truck by an averment that the iron post was not properly fastened or secured at its base or at its top, but we fail to find any evidence in the record sufficient to sustain this contention.

[2] To operate a heavy truck at a speed of 8 to 10 miles an hour upon a paved street with a sloping grade, and with a surface admittedly slippery, is an act of negligence: but for the driver of a heavy truck to turn from a paved street into an alley at right angles, under such dangerous conditions and at such rate of speed, is nothing short of an act of recklessness. Skidding and loss of control of the machine would be almost certain, and a condition which the truck driver could have reasonably foreseen, as the accident occurred in broad daylight.

[3] The greater the danger the greater the degree of care required is a universal rule in the law of negligence.

If the truck had been driven by the employee of defendant company at the rate of 4 miles an hour at the time it made the turn in the middle of the street to go into the alley, as is contended by counsel for defendant company, it is inconceivable that a machine moving so slowly, even had it skidded, should have gained such momentum in making a turn near the bottom of the incline as to have vaulted upon and across the sidewalk and to have battered down an iron post supporting the corner of a three-story brick building.

Under the circumstances of the case, in arriving at this conclusion as to the dangerous rate of speed at which the truck was operated, we are not invoking by any means the doctrine of res ipsa loquitur. But we are directing attention specifically to the results of the accident as a corroboration of the two witnesses of plaintiffs, who testified that the truck of defendant company was driven at a speed of 8 to 10 miles an hour in going down the grade of Louisiana street from Milam street, and that the turn from the street to the alley was made practically at the same rate of speed.

One of these witnesses was the companion of the dead truck driver at the time of the accident, and was in a better position than any one else to observe the manner in which the truck was operated. This witness testified that, while turning the front of the machine towards the alley, the driver "put his foot on the brake and shoved in," and the machine skidded instantly and headed into the building. One of defendant company's witnesses corroborates this statement. He testified that the car commenced to skid *"when the driver cut his wheel to make the turn."* The front wheels skidded when the brake was applied and the collision occurred like a flash.

It appears also from the evidence that the driver of the truck had gone too far to the left in approaching the alley, and that a sharp turn had to be resorted to by him in order to place his machine in the proper position to effect an entrance into the alley on his

right. In attempting to do this he failed and, in skidding, demolished the corner of plaintiffs' building. Had the driver of the truck approached the alley in the proper manner to enable his machine to enter safely, the front of the machine would have been directed into the mouth of the alley, and not negligently toward the corner of plaintiffs' building, which might have escaped injury had the car approached the alley in proper alignment, even had skidding occurred.

The downward grade of the street and the slippery condition of the pavement made cautious driving necessary. Mrs. Lawhorn, who was driving down Louisiana street right behind the truck driver who was killed, testified:

"I didn't know whether it [the truck] was going to turn around and hit me or what it was going to do and I stopped immediately. * * *

"Q. Following the accident did you go on out Louisiana, or did you turn around?

"A. No; I turned right on the crest of that hill and went back to Milam. I was about halfway down the hill when I made the turn."

The testimony of Mrs. Lawhorn shows that it was possible to operate a car with safety in spite of the downward grade of the street and its slippery condition if a slow rate of speed was maintained, and if the car was handled properly. We recognize the fact that a truck is a much heavier vehicle than the ordinary automobile, and therefore requires more expert handling. In view of the greater difficulty of handling a heavy truck, the driver should have exercised more care in his driving than did the present witness.

[4] It is clear that the damage to plaintiffs' building was caused through the fault of the driver of defendant company's truck, and that the machine was operated "negligently, wrongfully, and inexpertly," as charged in plaintiffs' petition.

Judgment affirmed.

O'NIELL, C. J., dissents.