.SCOTT v. CHECKER CAB CO., INC.

(February 17, 1930.   Opinion and Decree.)
(March 10, 1930.   Rehearing Refused.)

Johnston Armstrong, of New Orleans, attorney for plaintiff, appellee.

P. L. Fourchy, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Plaintiff, a colored man, while standing on the sidewalk of Rampart street in this city, was struck by a taxicab of defendant company which had skidded from its position near the center of the street across the sidewalk and into the show windows of a nearby store.

The injuries plaintiff received were painful and temporarily severe, but, except for a scar on the face, were not permanent. Manifestly, plaintiff was in no way to blame, since he was standing on the sidewalk near the show cases, did not see the taxicab coming, and did nothing which in any way contributed to the unfortunate result.

In defense, counsel for the taxicab company contends that the evidence shows that the street was slippery as the result of the dropping of clay and mud from trucks which were removing debris from certain excavation work going on nearby, and that a pedestrian stepped suddenly in front of the taxicab, which was being operated carefully and at a moderate speed, making a sudden application of the brakes necessary, with the disastrous result above set forth.

We agree with the district judge that it is difficult to believe that the speed of the taxicab was moderate, in view of the fact that it skidded from its position some ten or twelve feet from the sidewalk, across that intervening space, mounted the curb, which was eight or ten inches high, continued across a rather broad sidewalk, and, after traversing that distance and overcoming the obstacle of the curb, still retained sufficient momentum to practically demolish two show cases built of marble, wood and glass. The police officer who investigated the accident described the damage to the show cases as follows:

"A. Well, I say the two show cases completely demolished, about five or six feet long from the front to the rear, knocked out completely, even to the posts that held the doors; two show cases demolished.

"Q. They started at the property line and the entrance to the store was set in?

"A. About five or six feet; not exactly.

"Q. Were both show cases broken?

"A. Both of them.

"Q. Did you see any damage that had been done to the door?

"A. It was knocked off; left a clear opening there."

But, if the speed was moderate, it is very evident that the chauffeur was not driving sufficiently cautiously, because, if the street was dangerously slippery, he should have taken unusual precaution, and

should have operated his cab with such care as the unusual condition required. The mere happening of such an accident is very strong proof of negligence, to overcome which would require more convincing testimony than was given here. The doctrine of "res ipsa loquitur" applies to a situation of this kind.

We have no hesitation in finding that defendant is liable.

As to the quantum, the evidence shows that for a period estimated at from four to twelve months plaintiff was prevented from working, and that he will retain a scar on his face for the balance of his life. We did not view the disfigurement as did the trial judge, who, we feel, was far better able than are we to determine the amount to which plaintiff is entitled. The award of $1,000 is not manifestly erroneous.

The judgment appealed from is affirmed.