**RAMON v. FEITEL HOUSE WRECKING CO. ET AL.**

(May 11, 1931. Opinion and Decree.)
(June 8, 1931. Rehearing Refused.)

John Singreen and Warren M. Simon, of New Orleans, attorneys for plaintiff, appellee.

Edw. Dinkelspiel, of New Orleans, attorney for Feitel House Wrecking Company, Inc., defendant, appellant.

Felix J. Puig, of New Orleans, attorney for E. E. Ecuyer et al., defendants, appellants.

HIGGINS, J. Plaintiff brings this suit against the owners of a building and the contractor employed to demolish it, in solido, to recover damages for personal injuries alleged to have been sustained by her on November 25, 1929, at 1:30 o'clock p. m., as a result of debris falling upon her while walking upon the sidewalk on the uptown lake corner of Canal and Basin streets, this city. The petition alleges a cause of action against the defendants under the doctrine of res ipsa loquitur.

Two of the three owners of the building answered (it having been impossible to effect citation upon the other), admitting that they were the owners of the building, but denying that they were in any manner at fault.

The defendant demolishing company admitted the accident, but denied that the plaintiff was injured, and averred that the accident was due to the fact that the building was an old one, in need of repair, and that before the work of demolishing the building was commenced an adequate and proper rail, or safeguard, was placed around the whole sidewalk, but that a police officer had ordered the removal of the rail to three or four feet from the curb, in order to allow pedestrians to use that portion of the sidewalk; and that its employees were not guilty of any negligence in connection with the plaintiff's injury.

There was judgment in favor of the plaintiff and against the defendants, in solido, for the sum of $471, and all three defendants have appealed.

The record shows that two of the defendants, together with a third party, were the owners of three three-story brick buildings located on Canal and Basin streets, this city; that they employed the other de-

fendant, Feitel House Wrecking Company, Inc., to demolish these buildings; that on the day in question plaintiff was walking on the sidewalk on Canal street and had reached a point about fifteen feet past the corner of Basin street, when certain bricks, mortar, and debris struck her on the head and right side of the body, knocking her unconscious to the pavement; that she was taken into an adjoining building, where first aid treatment was administered, and then removed by Mr. Feitel to the Charity Hospital, for treatment.

We find, as our learned brother below did, that the plaintiff established a prima facie case under the doctrine or theory of law known as res ipsa loquitur.

The leading case in this state involving that doctrine is Lykiardopoulo v. New Orleans & C. R. Light & Power Co., 127 La. 309, 53 So. 575, Ann. Cas. 1912A, 976, in which the court held:

(Syllabus) "Where a plaintiff cannot be expected to have any information as to the causes of an accident, whereas defendant must be assumed to be fully informed, and where the accident is of the kind which ordinarily does not occur when due care has been exercised, plaintiff need not allege nor prove the particular acts of omission or commission from which the accident resulted; but the accident itself makes out a prima facie case, casting on defendant the burden to show absence of negligence, and this rule is of peculiar applicability in cases of boiler explosions."

See, also, Horrell et al. v. Gulf & Valley Cotton Oil Co., Inc., 15 La. App. 603, 131 So. 709; Motor Sales & Service Co., Inc., v. Grasselli Chemical Co. et al., 15 La. App. 353, 131 So. 623; Scott v. Checker Cab Co., Inc., 12 La. App. 598, 126 So. 241; Drago v. Dorsey, 13 La. App. 115, 126 So. 724.

The defendant owners of the building did not raise the defense of independent contractor or that they had contracted away their liability by placing the responsibility upon the demolishing company, so those points are not before us.

The evidence of both the plaintiff and the defendant Feitel House Wrecking Company, Inc., tends to show that the building in question was in a bad state of repair and, therefore, under the provisions of articles 670, 2315, 2316, and 2322, R. C. C., the owners would be liable. The owners would likewise be liable if the accident were caused by the negligence of the Feitel Company, who, under the circumstances, was the agent and employee of the owners. The liability of the owners is, therefore, clearly established.

The defendant Feitel Company seeks to exculpate itself from liability by showing: First, that its employees were working on the rear of the building and did not do anything that would tend to cause the debris to fall; second, that it was not brick and mortar, etc., that fell, but the wooden and iron gallery on the front of the building; and, third, that the police officer of the city of New Orleans, who ordered the removal of the railing which it had constructed, was the real party at fault, and hence, it is not liable.

The evidence satisfies us that the employees of the wrecking company were demolishing the building and, while they state that they were working in the rear of it, they were unable to offer any explanation of the cause of the falling of the debris or the gallery.

There is a conflict in the testimony as to whether the gallery or the mortar, bricks, etc., struck the plaintiff, but that circumstance is immaterial. If either of them struck her, the wrecking company would be liable, unless it proved that it

was free from fault. The evidence is also conflicting as to whether there were railings in front of the building to prevent pedestrians from going in close proximity to the building, plaintiff testifying that there were no such railings and the defendant's two witnesses testifying that there were such railings. However, conceding that there were railings and that the police officer instructed the employees of the demolishing company to leave a space of three or four feet for pedestrians to use the sidewalk and to block off only the remaining portion of the sidewalk, the wrecking company would still be liable, because, apparently, such an arrangement was inadequate to meet the danger to which pedestrians were subjected. Pedestrians would have a right to assume that the portion reserved for their use was safe. It was in the nature of an invitation that they could use that portion of the sidewalk. The mere instructions by the police officer to the defendant wrecking company's employees would not relieve it of its responsibility to the public to construct an adequate barrier or shed over the sidewalk to protect the pedestrians from being injured by falling debris. It was the company's duty to properly arrange for such adequate protection before commencing the work. It is clear that the policeman did not tell the company's employees what means should be adopted to protect persons using the sidewalk. Even if he had instructed them to erect any inadequate guard, they would not have been obliged to obey him. The use of the railings was the idea of defendant wrecking company's employees.

We have come to the same conclusion as the trial court—that the Feitel House Wrecking Company, Inc., has failed to exculpate itself from liability.

As to the quantum our learned brother below allowed the sum of $471, consisting of loss of wages, $70, physician's charges, $51, and damages for pain, shock, and suffering, $350. The defendants contend that this allowance is excessive, and, the plaintiff argues that it is inadequate. Plaintiff is 55 years of age and previous to her injury was in good health. She was employed as a general housekeeper and servant, doing manual labor consisting of washing dishes, clothes, and keeping house, for which she received a weekly wage of $10. Her family physician treated her, making nine visits, for which he rendered a bill for $51. He testifies that he saw the patient one or two days after the accident, found her in severe pain, and administered morphine to alleviate her suffering. His examination revealed the fact that she was suffering from severe contusions of the right shoulder, arm, and forearm; ecchymosis (a discoloration of the skin caused by extravasation of blood, a bruise) of the skin over the right shouler, contusion and ecchymosis of the right foot and contusion of the right chest wall, and extreme shock and nervousness; that she was confined to her bed for a period of about three weeks; that it was necessary to strap her shoulder and ankle; and that thereafter he treated her at his office and discharged her after a period of seven weeks. The doctor's testimony is corroborative of the testimony given by the plaintiff.

The doctor for the defendant testified that, after having examined the plaintiff several days after the accident, in his opinion her disability would be for three or four weeks.

We are of the opinion that the amounts awarded by the trial court are fair and reasonable, and, under the circumstances, the judgment is affirmed, at appellants' cost.