## LEDET v. GOTTLEBER et al.

### No. 14240.

Court of Appeal of Louisiana.   Orleans.

June 27, 1932.

John A. Woodville, of New Orleans, for appellant.

Lemle, Moreno & Lemle, of New Orleans, for appellees.

JANVIER, J.

This suit results from an intersectional automobile collision in which the two vehicles involved were a truck, owned by plaintiff and driven by one of his sons and in which he, himself, and another son were riding, and a Buick owned by Mrs. Gottleber and driven by her husband. Both Mr. and Mrs. Gottleber are made defendants, as is also the Federal Surety Company which had issued to Mrs. Gottleber a policy of insurance against liability for property damage and for personal injuries.

Plaintiff prays for the sum of $824.33, made up of the following items:

| | |
|---|---|
| Cost of repairing truck | $124.33 |
| Personal injuries and suffering | 500.00 |
| Loss of earnings for five weeks at $40. per wk. | 200.00 |
| | $824.33 |

The district court found that the Buick of defendant was being operated with such care as would have been exercised by a reasonably prudent and skillful driver, and therefore rendered judgment dismissing the suit. Plaintiff has appealed.

The accident occurred on a rainy morning at the corner of Baronne street and Howard avenue. The truck of plaintiff was on Howard avenue going towards the Union Station, and the Buick was on Baronne street going uptown. The two met in the intersection; the Buick striking the truck on the right side.

The facts are only slightly in dispute. It is conceded that the brakes on the Buick were applied 100 to 130 feet before reaching the spot at which the two vehicles later crashed. Defendants contend that the skidding of the car from the point at which the brakes were applied to the point of impact does not show negligent operation of the Buick, because the condition of the street was such that it was impossible to prevent skidding. They maintain that any car operated by a reasonably prudent and careful driver would have done the same thing, and that Gottleber was not aware of the unusual condition of the street, and therefore cannot be said to have been negligent in failing to anticipate the unfortunate result.

The district judge agreed with this view, and in his reasons for judgment said:

"Gottleber testifies he saw the truck coming across his pathway when he was approximately one hundred feet away. I believe at one time he said between seventy five and one hundred feet, but later in his testimony he went back to one hundred feet, approximately, and stuck to it. He said he applied his brakes when he saw the truck driving across his path; that he immobilized the wheels and the car skidded and when near the intersection of Baronne and Howard Avenue the car, instead of going to the left, as he was attempting to do with his wheels locked, unexpectedly swerved to the right and caused the collision.

"Now, in suits ex delicto, or as the common law lawyers call them, actions in tort, sounding in damages, there can be no recovery unless the defendant be convicted of fault. As we all know, fault in its last analysis is a breach of duty and the breach consists in failing to fulfill the duty that every one owes to the world, to use reasonable and ordinary care and diligence not to injure any one else in the world.

"Now this duty imposed on us of using ordinary care and diligence applies not to extraordinary unforeseen and particularly unforseeable things, but it applies to those conditions which human reason, common sense and human experience have taught to mankind that either the omission to do something we should have done, or the doing of something which we should not have done, would usually and ordinarily have a tendency to and in all probability would occasion damage.

"Now, the only fault that counsel for the plaintiff seeks to have me impute to Gottleber

is, that on the morning, when it was raining and the pavement of Baronne street was wet, it was negligence per se for Gottleber to drive at a speed of somewhere between twenty and twenty five miles an hour, because of the fact that the application of the brakes would in all human experience cause the skidding of one hundred feet.

"If it be a fact that when rain is falling in the City of New Orleans, that it is the result of human experience that one would anticipate a skidding of one hundred feet, then that human experience would dictate that it was the duty of the automobile driver to drive at a far less speed than twenty to twenty five miles an hour, but there is not one iota of evidence before me that such has been the experience of automobile drivers in this city in the last thirty years, since the introduction of those most dangerous machines and until it be shown to me that experience has taught sensible men the danger of driving twenty miles an hour when rain is falling or has fallen in the streets of New Orleans, I cannot impute to Gottleber any fault in driving at that speed.

"It is persuasive that such has not been the human experience, for the reason that the traffic ordinance of this city, drawn evidently by men acquainted with automobile driving, that in dangerous and in concrete cases which they have observed which would cause damage, have not seen fit to reduce the speed limit in certain parts of the city during rains and if it had been a fact that damages caused by skidding were sufficiently numerous to justify the lowering of the speed limit, I have no doubt that the municipal lawmakers would have taken cognizance of it and would have reduced the speed when the streets were wet."

■ We are unable to acquiesce in the view that, because at certain points in the city maximum speeds are permitted, it cannot be said to be negligence, under unusual conditions, to operate automobiles at those maximum limits. It may be that unusual conditions require very slow speeds, even where rather high maximums are fixed by law.

In Vuillemot v. August J. Claverie & Co., 12 La. App. 236, 125 So. 168, 169, we held that the speed of the automobile in question was excessive. We said:

"It seems to us that, whether the speed was violative of the statutory provisions, it was certainly in violation of the dictates of common prudence."

Furthermore, a reference to the ordinance in question (C. C. S. No. 7490) art. 2, § 1, par. a) shows that the Buick, in approaching and entering Howard avenue, was within the fifteen-mile zone, and that a speed of twenty-two miles, which is the speed at which Gottleber states he was driving, was considerably in excess of this limit.

■ It is true that it has been said that mere skidding does not necessarily evidence negligence. Barret v. Caddo Transfer & Warehouse Co., 165 La. 1075, 116 So. 563, 58 A. L. R. 261; Edward D. Siren & Frank T. Dumas v. George Montague (La. App.) 142 So. 196, decided May 30, 1932. But certainly to skid 100 feet and to lose control of the car created a grave suspicion of recklessness and placed upon the driver the duty of making a convincing explanation, and we do not believe that such explanation has been made in this case.

No serious effort was made to prove negligence on the part of the driver of plaintiff's truck, and we find no fault that can be charged to him, except that possibly he did not anticipate that the Buick would enter the intersection at an unusual rate of speed and would skid for 100 or more feet.

The speed of the truck was moderate, and, at the time of the impact, it had so nearly completed the crossing that we conclude that it had pre-empted the intersection and was entitled to the right to proceed.

Plaintiff is entitled to recover such losses as he actually sustained, but we cannot agree with him in his estimate of these losses. The cost of repairing his truck is admitted to have been $124.33, and for this amount he should have judgment. He claims, however, loss of earnings for five weeks at $40 per week, and $500 to compensate him for personal injuries and suffering. His proof on these two items is not at all satisfactory, and he has not made his case certain with regard to them.

It is therefore ordered that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment in favor of plaintiff, Oleus Ledet, and against defendants, Conrad Gottleber, Marie Gottleber, and Federal Surety Company, jointly, severally, and in solido, in the full sum of $124.33, with legal interest from judicial demand, and for all costs.

Judgment reversed.

WESTERFIELD, J., absent, takes no part.