**ARMSTRONG v. NEW ORLEANS PUBLIC .SERVICE, Inc.**

No. 16939.

Court of Appeal of Louisiana. Orleans.

April 24, 1939.

Hubert M. Ansley and Peter G. Charbonnet, Jr., both of New Orleans, for appellant.

Alvin R. Christovich, of New Orleans, for appellee.

WESTERFIELD, Judge.

Plaintiff brought this suit against the New Orleans Public Service, Inc., alleging that on December 15, 1936, while she was occupying the premises, No. 1240 LaSalle Street, as a dwelling, where she also conducted a restaurant, there was a collision at the intersection of Erato and LaSalle Streets, between a White truck owned by Mothers' Homemade Pies, Inc., and a street car owned and operated by the defendant, and that as a result of that collision the street car left the tracks on which it was traveling, swerved to the left and plowed through a brick sidewalk and into the wall of the residence and restaurant, causing her to sustain certain physical injuries, for which she asks the sum of $2,000 as damages. Defendant answered, admitting that its street car ran into the residence and restaurant of plaintiff at the time and under the circumstances alleged in her petition, but averred that the accident was entirely due to the negligence and fault of the driver of the White truck operated by the Mothers' Homemade Pies, Inc., and disclaimed all responsibility for the accident.

There was judgment below in favor of defendant dismissing plaintiff's suit and she has appealed.

Plaintiff, in her brief filed in this Court, mainly relies upon the effect of the doctrine of res ipsa loquitur, pointing out that street cars do not ordinarily leave their tracks and run into private residences or other structures on the sidewalk, and that when they do a presumption of negligence on the part of those in charge

of the vehicle arises. Lofton v. Collingham, La.App., 172 So. 377; Gershner v. Gulf Refining Company, La.App., 171 So. 399; Lykiardopoulo v. New Orleans and C. R. L. & P. Co., et al., 127 La. 309, 53 So. 575, Ann.Cas.1912A, 976; Noble v. Southland Lumber Company, 4 La.App. 281, 283; Lonatro v. Palace Theatre Company, 5 La.App. 386; and Weikel v. Caddo Transfer Company, 5 La.App. 146.

■ The doctrine announced in the cited cases and relied upon by counsel is sound and has been often recognized in this jurisdiction, however, the presumption created is only a presumption juris and not juris et de jure.

Turning to the record, we find that defendant's street car, which is admitted to weigh 40,000 pounds, was traveling on Erato Street and approached the intersection of that Street with LaSalle, upon which latter street the White truck was being driven; that the motorman slowed down the speed of the street car to eight or ten miles per hour, entered the intersection and had almost completed the crossing when it was struck on the right front side, near the motorman, with great violence by the White truck; and that the street car left the tracks and ran a distance of about forty feet into plaintiff's establishment.

The driver of the White truck, Pressley Trosclair, testifying on behalf of plaintiff, stated that he did not see the street car until he hit it; that the street car was going slow and he was going fast; that he did not know how fast he was traveling because the speedometer was out of order; that when the truck hit the street car the motorman was knocked away from the control box; that he was not familiar with the locality in which he was driving and did not know that there was a street car line on Erato Street; and finally that he told the superintendent of the repair train of the defendant that the accident was entirely due to his fault. This witness impresses us with his sincerity. He says that because of the statement he made to the insurer of the Mothers' Homemade Pies, Inc., with which a compromise settlement was made by plaintiff, he was discharged a few days after the accident, but that "there is no ill-feeling however between the Mother's Pie and me; we were on a friendly basis. I absorbed all the blame. He didn't tell me why he was firing me. He told me he thought he

couldn't use me any more. I was a little too heavy for that truck".

Trosclair's testimony is supported by Eugene Guillot, a passenger on the street car who was standing on the left side of the front vestibule, and to a lesser degree by Miss Emma Berault and Samuel Robinson, who were also passengers in the street car. William Tolson, the motorman, had been in the employ of the defendant for twenty-seven years. He testified that just before the truck struck his car he saw it about forty feet from Erato Street, and immediately began sounding his gong, which is operated by his foot; that he threw off the power to slow up the car and that as he had almost reached the curbing on the far side of LaSalle Street, the White truck struck his car a heavy blow on the right side between the front doors; that it knocked him away from the controls against the vestibule door and before he could get to his feet and undertake to stop the car it had run off the tracks and into the plaintiff's restaurant.

The only other eye-witness to the accident was John Funches, produced by plaintiff. He testified that he was standing about seventy-five feet away from the scene of the accident, working on an automobile under the shed of a garage. He places the speed of both vehicles at ten or fifteen miles per hour and stated that neither gave any signal. This witness is a little uncertain in some particulars. For example, he testified that when he saw the truck it was about forty feet from the street car tracks on Erato Street and the street car about the same distance away from LaSalle Street. He later placed both vehicles one-half a square away and subsequently stated that when the truck was forty feet from the street car tracks, the street car was one-half a square away. The effect of this testimony is not damaging to defendant.

■ The long and short of the matter is that the presumption of negligence of the defendant's employee because of the application of the doctrine of res ipsa loquitur has been overcome by a large preponderance of the testimony, from which it overwhelmingly appears that the entire responsibility for the accident rests with the driver of the White truck, who frankly acknowledges his fault. We are convinced that the street car was struck with great violence which alone was responsible for its subsequent course in

leaving the track and crashing into plaintiff's restaurant. We find no evidence of negligence on the part of the motorman of the street car, the only suggested fault being that of speed which finds no support in the record.

Our conclusion is that the judgment appealed from is correct, consequently, and for the reasons assigned the judgment appealed from is affirmed.

Affirmed.