JANVIER, Judge.
Plaintiffs are the owners of a commercial building located on the upper lake side corner of Baronne and Poydras Streets in New Orleans. At about 4 o’clock in the morning on December 22, 1946, this building was slightly damaged when it was crashed into by an automobile owned and driven by Joseph Fazzio. The crash resulted from a collision which had just previously taken place in the intersection, in which collision there were involved the said automobile of Fazzio and another car, a Pontiac, driven by Lee Cannata.
Alleging that the collision and the ensuing crash of the Fazzio car into their building had resulted from negligence on the part of both drivers, plaintiffs brought this suit, seeking solidary judgment against both in the sum of $109.96, alleging that to be the cost of repairing the building. It is charged that both cars were operated at excessive speeds and that neither driver maintained a proper lookout for cars on the other street.
Cannata did not answer but Fazzio filed answer denying all negligence on his part and averring that the accident had been caused by the fact that Cannata had operated his car at an excessive rate of speed and that as a result the Cannata car crashed into the Fazzio car, causing Faz-zio to strike his head on the windshield, which in turn caused him to temporarily lose control of the car “whereupon it ran into the property” of the plaintiffs.
There was judgment below as prayed for for $109.96 solidarily against both' defendants. Fazzio alone has appealed.
*419 The Fazzio car was on its way up Bar-onne Street. It was being driven by Faz-zio and in it were his two daughters, one of whom testified on his behalf. The other daughter was not produced as a witness.
The Cannata car was going out Poydras Street in the direction of Lake Pontchartrain. It was being driven by Cannata and in it, in addition to Cannata, were J. C. Childress and Junius Breaux. Of these three only Cannata was placed on the witness stand.
Though there was a traffic semaphore at the corner, it had been set in the caution position, showing the amber color in both directions.
It is well settled that when an automobile leaves its correct place on the paved portion of a street and crashes over the sidewalk, and does damage, the burden rests heavily upon the driver to show that there was no negligence on his part.
In an article entitled Res Ipsa Loquitur, Vol. IV, Louisiana Law Review 70, at page 101 appears the following: “In only one type of automobile accident has res ipsa loquitur been applied with appreciable consistency. Where a vehicle leaves the highway and strikes a pedestrian on the sidewalk or crashes into property adjoining the road, the courts quite properly are prepared to draw an inference of negligence from the occurrence. In such cases the place where the injury happened suggests strongly that the plaintiff was not at fault himself. Furthermore, although collisions upon the highway frequently occur without the driver’s fault, the same is not likely to be true where the car leaves its allotted channel and passes onto a place reserved for pedestrians. The dramatic element in situations of this type is conspicuous, and the occurrence suggests either that the vehicle was being operated at a high speed or that the driver had lost control of his machine.”
See Bailey v. Fisher, 1929, 11 La.App. 187, 123 So. 166; Scott v. Checker Cab Co., 1930, 12 La.App. 598, 126 So. 241; Tymon v. Toye Bros. Yellow Cab Co., La.App. 1938, 180 So. 839; Antoine v. Louisiana Highway Commission, La.App., 1939, 188 So. 443; Armstrong v. New Orleans Public Service, Inc., La.App., 1939, 188 So. 189; B. & B. Cut Stone Co. v. Uhler, La.App. 1941, 1 So.2d 149; Tarleton-Gaspard v. Malochee, 1931, 16 La.App. 527, 133 So. 409. Cf. Barrett v. Caddo Transfer & Warehouse Co., 1928, 165 La. 1075, 116 So. 563, 58 A.L.R. 261; Deimel v. Etheridge, La.App. 1940, 198 So. 537.
The burden therefore rested upon Fazzio to show that there was no negligence on his part. It will not suffice for him to show that some one else was at fault — he must absolve himself entirely or remain solidarily liable with the other tort feasor.
It seems probable that the Fazzio car had proceeded well into the intersection when it was struck, or that at least it had entered the intersection and had preempted it. But the fact that it proceeded entirely across the street and then mounted the sidewalk and crashed into the building, on the far corner, indicates excessive speed on its part. We do not think that the record warrants the conclusion that this was caused by the fact that Fazzio lost consciousness. The traffic light, as we have said, was set in the caution position and, even if it be conceded that Fazzio had the right of way, and that he had preempted the intersection, it was negligence on his part to enter it and to proceed at such a speed as is indicated by the facts set forth in the record. It is evident that the judge a quo must have felt as we do because he resolved this question of fact against Fazzio, and this in spite of the fact that Cannata did not answer nor in any way put at issue the question of his own negligence.
If the trial judge had found in favor of Fazzio, it might well be that we would have felt that the record would not warrant a reversal but since he did find against Fazzio, we are certain that it cannot be said that the record shows manifest error.
Counsel for Fazzio calls to our attention the opinion rendered by us in Pittman v. Hunter, 6 So.2d 786 and he contends that *420 there were facts identical with those found here. He points out that there we held that the driver of the car which mounted the sidewalk and struck the plaintiff was not at fault. In that case, however, we found that the Hunter car, which had struck plaintiff on the sidewalk, had practically-crossed the street when it was struck from the rear by the other car. We found, too, that the plaintiff, though standing on the sidewalk, was near the curb so that the Hunter car did not mount the curb at a speed sufficiently great to cause it to completely cross the sidewalk and crash into a building. Furthermore, in the Pittman case, the trial court found in favor of the defendant, Hunter, whereas here the finding was against the defendant, Fazzio.
Since the extent of Cannata’s liability is not at issue, there having been no answer by him to the petition and no appeal by him from the judgment against him, the solidary judgment against both defendants must be affirmed. The amount awarded is not in dispute.
The judgment appealed from is affirmed at the cost of appellants.