REID, Judge.
Plaintiff, Tony Valenti, brings this suit for damages for personal injuries against *88 Allstate Insurance Company, insurer of a 1960 Chevrolet Sedan owned and operated by Joe W. Jones, Jr., resulting from an accident on Louisiana Highway 22, just north of Rome’s Ferry Bridge in the Parish of Livingston on November 3, 1961.
The main suit is for the amount of $5000.00 past, present and future physical pain and suffering and plaintiff alleges the negligence of Joe W. Jones Jr., as follows:
'T. That the said Joe W. Jones, was operating the vehicle herein alleged at an excessive rate of speed and in violation of the posted speed limit.
“2. That the said Joe W. Jones, failed to exercise proper care when he knew or should have known that the reverse slope of the Rome’s Ferry Bridge was ah extremely dangerous location and failed to exercise due care for motorist attempting to turn into the boat landing on the north side of Rome’s Ferry Bridge.
“3. That, the said Joe W. Jones failed to see what he should have seen, or if he did see same, failed to take proper steps to avoid the accident herein alleged.
“4. That your petitioner alleges in the alternative, and only in the alternative, that the said Joe W. Jones Jr., failed to exercise the last clear chance to avoid the accident herein alleged.”
Defendant Allstate Insurance Company, filed an answer denying the allegations of the plaintiff’s petition, and alternatively, claiming the accident was caused by the contributory negligence of Tony Valenti in making a sudden and illegal left turn across the north bound lane of Highway 22, directly into the path of the Jones’ automobile. The defendant further filed feconventional demand for damages to Jones’ car in the sum of $663.98, under a subrogation claim.
The Lower Court with written reasons rendered judgment in favor of Tony Valenti against Allstate Insurance Company in the sum of $1500.00 and dismissed the reconventional demand.
From this judgment the defendant has brought this appeal.
The facts show the accident occurred at approximately 12:15 P.M. on Louisiana Highway 22 in Livingston Parish. The point of impact was approximately 50 feet from the north end of the Rome’s Ferry Bridge. Plaintiff, Tony Valenti, operating a 1955 Chevrolet Sedan, was proceeding south intending to turn left when he collided with the automobile driven by Joe W. Jones Jr., proceeding in a northerly direction. Plaintiff, as he approached the bridge, was beginning a turn to the left to park his car in front of Foster’s place, a store and fishing camp north of the bridge on the east side of the Highway. He testified he turned on his left blinker light, looked to the north in the rear view mirror and to the south, saw no one coming and began his turn. He had turned left and had gone into the north bound lane of the Plighway when the Jones vehicle, coming over the Rome’s Ferry Bridge, ran into his car and injured him.
Mr. Jones testified he did not see the Valenti vehicle until he was on top of the bridge, when he observed the same at a distance of approximately 110 to 130 feet away attempting to make a left hand turn. Pie admitted he was traveling on the Highway approaching the bridge at a speed of approximately 50 to 60 miles an hour, but claimed he slowed down to a speed of approximately 45 miles while on the bridge. The Rome’s Ferry Bridge has a hump in the middle and a turn table to permit the travel of boats through the bridge on Tickfaw River.
Mrs. Foster, the wife of the owner of the place of business and boat landing, was *89 standing in her doorway at a point approximately SO feet north of the Rome’s Ferry Bridge and observed Mr. Jones approaching the bridge and coming over the top of it. She was in a different location from Mr. Valenti in as much as she was further to the side and could see a car coming up the Highway before it reached the bridge, whereas Mr. Valenti could not see the Jones car until after it passed over the hump in the bridge. Mrs. Foster testified Mr. Jones was traveling at a terrific rate of speed of about 60 to 70 miles an hour. There was a sign posting a speed limit of 25 miles an hour near the approach to the bridge. Mr. Jones testified he was familiar with the road, had traveled it many times, was familiar with the traffic sign and the hump at the top of the bridge.
Counsel for defendant cites numerous cases involving liability where a car makes a left hand turn. See Southern Farm Bureau Casualty Insurance Company v. George W. Foshee Lumber Company, Inc., La.App., 136 So.2d 115; Hoffpauir v. Southern Farm Bureau Casualty Insurance Co., La.App., 124 So.2d 409; Guidry v. United States Casualty Company et al., La.App., 134 So.2d 319. These cases are dealing with left hand turns made on level ground where visibility was good for some distance. We have no quarrel with the law as enunciated in these cases, however, we do not think the facts fit the case at bar. Each case must stand on its own footing and judged by the particular facts found therein.
“Liability for damages under Article 2315 of the Civil Code is founded upon fault and whether or not fault exists depends upon the facts and circumstances presented in each particular case. In determining fault, the common-sense test is to be applied— that is — how would a reasonably prudent man have acted or what precautions would he have taken if faced with similar conditions and circumstances? The degree of care to be exercised must be always commensurate with the foreseeable dangers confronting the alleged wrongdoer.” Brown v. Liberty Mutual Insurance Company, 234 La. 860, 101 So.2d 696.
Our Courts have repeatedly held a motorist must use such diligence and care as is commensurate with the dangers connected with the locality. See Buckley v. Featherstone Garage, Inc., 11 La.App. 564, 123 So. 446. They have also held the greater the danger the greater the degree of care required. See Barret et al. v. Caddo Transfer and Warehouse Company, Inc., 165 La. 1075, 116 So. 563, 58 A.L.R. 261.
In Strauss and Son, Inc. v. Childers, La.App., 147 So. 536, it was held: “[a] motorist has not the right to assume that his course of travel is free of danger or obstruction, in the absence of his ability to see clearly ahead. If he does so assume and continues to travel as though he knew there was perfect clearance ahead, he does so at his own risk and peril.” See also Culpepper v. Leonard Truck Lines, 208 La. 1084, 24 So.2d 148; Weadock v. Eagle Indemnity Company, La.App.1943, 15 So.2d 132; National Retailers Mutual Insurance Company v. Harkness, La.App. 1955, 76 So.2d 95; and Pardue v. Norred, La.App.1957, 95 So.2d 363.
The testimony in this case convinces the Court Mr. Jones was fully aware of the dangers presented by the Rome’s Ferry Bridge and of the fact it did not offer a view of oncoming traffic. He was also familiar, or should have been, with the speed limit of 25 miles an hour, the location of the Foster establishment, the residence and boat landing at the north end of the bridge. Being familiar with the location conditions at the scene of the accident he should have taken greater precaution and care to avoid having an accident.
*90 We find the proximate cause of this accident was the speed of the Jones car and Mr. Jones’ failure to keep his car under control when he came over the hump of the bridge and was confronted with meeting a car making a left hand turn. Had he been traveling the speed limit of 25 miles an hour he could have stopped his car, or gone around the plaintiff’s car averting the accident. In our opinion the plaintiff acted as a prudent man should have, looking in both directions before starting the turn, unaware of the rapidly approaching Jones vehicle. Were we to hold Valenti negligent in this case it would necessitate one making a left hand turn near a blind hill to ascertain whether another car was approaching. We do not believe the law was ever intended to go that far.
We appreciate the many cases in our jurisprudence which hold a left hand turn is one of the most dangerous maneuvers a driver can make, and he should not attempt to make such a turn until he can expect to perform it with safety. However, we believe the facts in this case deviate from this line of jurisprudence and feel that plaintiff Valenti did what a reasonable man would be expected to do under the circumstances.
The Judge of the Lower Court ■ who knew the parties, was familiar with the location and heard the witnesses found as follows:
“Mr. Valenti had the right to assume that vehicles approaching over the ‘hump’ would be travelling at a legal speed. Clearly, if Mr. Jones had been operating his vehicle at a reasonable rate of speed, Valenti would have had time to have completed his turn in safety, or would have seen him as he crested the hill in time to have stopped to allow the Jones automobile to pass. The proximate cause of the accident was the excessive speed of Jones and his failure to have his vehicle under proper control.”
We concur in the finding of this liability by the Judge of the Lower Court..
This brings us to the question of quantum. Defendant contends the injuries-were of a non-serious nature without a: great deal of pain and discomfort and that an award of $500.00 to $750.00 would, be ample.
Defendant Valenti suffered a contusion-of the right knee together with a bruise-on the lateral side. Dr. A. J. Feder,. who examined plaintiff on the day of the-collision found that Mr. Valenti suffered from soreness in the cervical region and. an abrasion on his chin, contusions, a. sprain of the right wrist, a sprain of the right hand and a tear of the metacarpal phalangal ligament at the base of the right index finger. Dr. Feder continued seeing Mr. Valenti from the time-of his injury until December 21, 1961 at which time he was discharged. However, Mr. Valenti returned on February-9th and February 23rd, 1962 with further-complaints of difficulty of the right index, finger. He was last seen by the doctor-on June 6, 1962 at which time he still' had subjective complaints, although the-doctor found no objective symptoms.
Without itemizing the different amounts-the Judge of the Lower Court lumped5 the claims for pain and suffering etc.,, and allowed the sum of $1500.00. Plaintiff’s petition does not itemize damages, but merely asks for past, present and fu-' ture physical pain and suffering, mental5 pain and anguish, and permanent disability. While plaintiff filed an answer to> the appeal asking for an increase in the award, in his brief he admitted the award of the Trial Judge did substantial justice- and is neither excessive or inadequate. This Court believes the award is neither excessive or inadequate and for the foregoing reasons it is ordered that the judgment of the Lower Court be affirmed.
Affirmed