FRUGÉ, Judge.
The plaintiff, Willie Chevis, brought this action against Arthur Wayne Daigle, Arthur Daigle, his father, and Southern Farm Bureau Casualty Insurance Company, the automobile liability insurer of the Daigle automobile, for injuries sustained by the plaintiff when the defendant’s automobile left the highway and collided with the plaintiff. After a trial on the merits, the trial judge rendered a judgment dismissing the plaintiff’s complaint, and the plaintiff has devolutively appealed. We affirm.
On the evening of February 14, 1971, at approximately 7:00 P.M., Arthur Wayne Daigle, who was a minor at the time of this accident, was driving his father’s 1965 Oldsmobile in a southerly direction on Louisiana Highway 35 about six miles south of Lawtell in St. Landry Parish, Louisiana. The highway is a hard surfaced, two-lane highway that runs generally in a north-south direction and has one lane reserved for traffic proceeding in either direction. It was dark at the time of the accident and the roadway was dry. There was no street lighting in the area of the accident.
After negotiating a curve located about 225 feet north of the accident, Daigle’s headlights came to rest upon two unlighted vehicles positioned across both lanes of the highway, blocking the northbound lane and a substantial part of the southbound lane. He also observed some people standing around the vehicles on the roadway. At that time, Daigle was traveling about 55 miles per hour and was about 75-150 feet away from the obstruction in the highway. He immediately slammed on his brakes and his car began to skid out of control. To avoid hitting the obstruction and people he had observed on the road, he went into the ditch on the right, or west, side of the highway.
The car blocking the highway was a 1962 Ford automobile owned by Edgar Citizen, who was made a third party defendant in this suit. Also obstructing the highway was a truck, but it was not established who owned or operated the vehicle. Earlier on the day of the accident, the Citizen car had gone off the roadway and into the ditch on the west side of the highway, breaking a portion of a fence which paralleled the highway. The truck apparently had pulled the Citizen car out of the ditch and both of these vehicles were on the roadway at the time of the accident in question. Neither the Citizen car nor the truck had any lights on at the time of the accident.
The plaintiff in this suit alleged that he was struck by the Daigle car after it went into the ditch. The plaintiff claimed that at the time of the accident he was standing in or near the ditch on the west side of the highway, repairing the fence that the Citi *793 zen car had damaged some two hours earlier that day.
The trial court dismissed the plaintiffs suit without giving written reasons for its decision.
The basis of the plaintiff’s appeal of this case is that the principle of res ipsa loqui-tur is applicable when the driver of a vehicle leaves the traveled portion of the highway and runs into a person standing on or near the side of the road. It is argued by the appellant that the burden was on the defendant to prove his freedom from fault, and that this burden was not sustained by the defendant during the trial. For this reason, the appellant argues that the trial judge’s decision should be reversed and that judgment should be rendered in favor of the plaintiff-appellant.
The Supreme Court of Louisiana discussed the application of the principle of res ipsa loquitur in Larkin v. State Farm Mutual Automobile Insurance Co., 233 La. 544, 97 So.2d 389 (1957):
“It is generally conceded that res ipsa lo-quitur in no way modifies the rule that negligence will not be presumed. The application of the rule does not, therefore, dispense with the necessity that the plaintiff prove negligence, but is simply a step in the process of such proof, permitting the plaintiff, in a proper case, to place in the scales, along with proof of the accident and enough of the attending circumstances to invoke the rule, an inference of negligence, thereby obtaining an advantage and placing on the defendant the burden of going forward with proof to offset that advantage. When all the evidence is in, the question is still whether the preponderance is with the plaintiff. All that is meant by res ipsa loquitur is ‘that the circumstances involved in or connected with an accident are of such an unusual character as to justify, in the absence of other evidence bearing on the subject, the inference that the accident was due to the negligence of the one having control of the thing which caused the injury. This inference is not drawn merely because the thing speaks for itself, but because all of the circumstances surrounding the accident are of such a character that, unless an explanation can be given, the only fair and reasonable conclusion is that the accident was due to some omission of the defendant’s duty.’ ” 233 La. at 551, 97 So.2d at 391-392.
In the present case the plaintiff placed in evidence the fact that he was working on the fence which paralleled the road when he was struck by the automobile driven by the defendant’s son. He could not introduce any evidence of negligence on the part of the defendant other than the fact that the vehicle left the traveled portion of the highway and struck him. To overcome the inference of negligence, the defendant introduced evidence that the accident took place at night, that his son was traveling below the posted speed limit, that he entered a curve in the highway and upon leaving the curve his headlights picked up an obstruction in the road that was too close for him to avoid hitting by stopping his car, and that to avoid a collision with the obstruction he was forced to brake his vehicle and go off the road and into the ditch.
The plaintiff cited Bailey v. Fisher, 11 La.App. 187, 123 So. 166 (La.App.Orl. Cir. 1929), and Scott v. Checker Cab Co., Inc., 12 La.App. 598, 126 So. 241 (La.App.Orl. Cir. 1930), and argued that the application of res ipsa loquitur is proper in the present case because of its factual similarity with the cited cases. In the former case the plaintiff was struck by the defendant’s vehicle while he was standing on the sidewalk. The defendant answered the allegations of negligence in the plaintiff’s petition by contending that his path was blocked by a truck which suddenly crossed in front of his vehicle. Although the evidence introduced at trial was not discussed by the court in its opinion, the court must have felt that the evidence introduced to explain the actions of the defendant did *794 not support the contention made in his answer, and the court found for the plaintiff. In the latter case the plaintiff was struck by the defendant’s cab which had skidded on a rain-soaked street. The court found the defendant negligent in failing to operate his cab with such care as was required by the rainy conditions.
The present case is distinguishable from the two cases. Unlike the Bailey case, the defendant here has introduced sufficient evidence to support the contentions in his answer that the road was blocked and that his son was forced to brake and leave the highway in order to avoid a collision with the obstruction. The trial judge must have reached this same conclusion for he dismissed the plaintiff’s suit, and we find this conclusion to be supported by the record. Unlike the Scott case, the defendant in this case has introduced evidence that his son was driving at a reasonable speed, and that he was unable to see the obstruction which was unmarked until his lights focused on the objects as he left the curve in the road.
The evidence introduced into the record in this case exonerates the defendant from liability. The uncontradicted testimony of the defendant’s son was that when he entered the curve he could not see what was around the curve because his headlights were directed off of the highway. As he came around the curve his headlights again focused on the road ahead and it was at this point that he saw the obstruction in the highway. He testified that he was about 75-150 feet from the obstruction when he first observed it. As stated previously the driver of the automobile was traveling approximately 55 miles per hour along the highway which had a posted speed limit of 60 miles per hour. He could not have stopped in time to avoid a collision with the obstruction in the highway before him. Therefore he was required to take evasive action by braking and leaving the road.
. During the trial the plaintiff testified that his son had been in front of the obstruction in the highway signalling cars with a flashlight. This testimony was contrary to his testimony taken during his deposition prior to trial, at which time he could not recall whether someone was flagging down vehicles to warn them of the obstruction. He qualified his answer during the deposition by later stating that there might have been someone up on the road by the cars with a flashlight. But the gist of his testimony was that he paid little attention to what was taking place on the road and concentrated on his attempts to mend the fence. The plaintiff’s trial testimony was also contrary to that of the defendant’s son. He stated that he did not see anyone signalling that the highway was blocked. His testimony was that he could not see the obstruction until his headlights focused on it after he had contemplated negotiating the curve. Although he did not give written reasons for his judgment, apparently the trial judge accepted the testimony of the defendant’s son and rejected that of the plaintiff with regard to this issue, and we find no manifest error in this regard. To support this conclusion we note that the plaintiff’s son, Walter Che-vis, who was called as plaintiff’s witness, was never questioned at all about this particular matter.
The defendant argued that the doctrine of sudden emergency applied in this case. The doctrine of sudden emergency
“applies to the automobile driver, who, by the negligence of another and not by his own negligence, is suddenly confronted by an emergency and is compelled to act instantly to avoid a collision or injury. He is not guilty of negligence if he makes such a choice as a person of ordinary prudence, placed in such a position, might make, even though he did not make the wisest choice. . . . The cases are all in accord that for a person to benefit by the rule he must not have done anything contributing to the emergency. . . .” Comment, 5 La.L.Rev. 432, 452-53 (1943) ; also found in Malone & Guerry, Studies in Louisiana Torts Law 624 (1970).
*795 The record discloses that the defendant was faced with an emergency situation when he left the curve and was confronted with an obstruction blocking the highway. The highway was blocked by two unlighted vehicles. Those persons involved in the retrieval of the Citizen car from the ditch were negligent in leaving the vehicles obstructing the highway without in some way warning oncoming traffic of the presence of the vehicles on the dark highway. The defendant had to take evasive action, and the fact that he injured the plaintiff in taking such action does not render him liable to the plaintiff.
For the reasons assigned, the judgment of the trial court is affirmed at plaintiff-appellant’s cost.
Affirmed.