## WATTS v. OUACHITA COCA–COLA BOTTLING CO., Limited.

### No. 5201.

Court of Appeal of Louisiana.
Second Circuit.

March 2, 1936.

Ada Mott, of Bastrop, for appellant.

Shotwell & Brown, of Monroe, for appellee.

HAMITER, Judge.

On the morning of June 4, 1934, Lee Watts purchased from Moore's Service Station in Bastrop, La., four bottles of Coca-Cola which had not been opened nor tampered with since their contents were manufactured and bottled by the defendant company. Plaintiff and three other persons drank these Coca-Colas, and within fifteen minutes thereafter plaintiff became violently ill and began hemorrhaging from his stomach. No sickness was experienced by the other partakers after so imbibing. For a period of approximately three weeks, like hemorrhages were suffered, they having occurred several times a day for the first few days, and then gradually became less frequent and in a lesser degree of severity.

This suit is for alleged damages in the sum of $658, plaintiff claiming that his illness and suffering were due solely to his drinking the beverage, and that it contained glass, poison, or some other foreign substance or matter injurious to the human body. He charges negligence on the part of the defendant manufacturer in not detecting the injurious matter, and in permitting it to remain in the Coca-Cola when offered for sale for consumption by the public. Defendant in its answer denied generally the allegations of the petition, and averred that if plaintiff was ill, as alleged, his condition was in no way caused by his drinking the Coca-Cola.

During the trial, and after plaintiff had adduced his evidence, defendant filed an exception of no cause or right of action. This exception was overruled.

There was judgment rejecting plaintiff's demands, and he has appealed.

The exception of no cause or right of action has not been urged in this court, and we therefore assume that it has been abandoned.

Plaintiff relies, for the success of his case, on the doctrine of res ipsa loquitur. He contends that if he sustains his

152

burden of proving that the illness was caused by the unwholesome and harmful nature of the beverage, the burden then shifts to the defendant to show that it exercised reasonable care in the manufacture and bottling thereof. ·

For the doctrine of res ipsa loquitur to be applicable to the case at bar, it must first be shown by plaintiff, and this essential appears to be recognized by him, that the Coca-Cola was injurious and that his illness resulted therefrom. Such doctrine does not dispense with the requirement that the act or omission upon which defendant's liability is predicated be established as the proximate cause of the alleged injury. 45 C.J., p. 1212.

In support of plaintiff's position, his learned counsel cites numerous authorities in which the doctrine was applied. A condensed summary of the facts in such cases is here given.

Freeman v. Schultz Bread Co., 100 Misc. 528, 163 N.Y.S. 396, presents a situation where the plaintiff was injured by biting into a nail embedded in bread which he bought from a grocer. The bread was made by defendant and sold to such grocer. There were no nails in the plaintiff's home or grocer's store with which the loaf could have come in contact.

In Davis v. Van Camp Packing Co., 189 Iowa, 775, 176 N.W. 382, 17 A.L.R. 649, plaintiff sought damages for sickness caused to his son from eating pork and beans which were canned and distributed by defendant. The evidence was conclusive that several other members of the family were also harmed by this food.

Plaintiff, in the case of Doyle v. Fuerst & Kraemer, 129 La. 838, 56 So. 906, 40 L. R.A.(N.S.) 480, Ann.Cas.1913B, 1110, alleged that he was ptomaine poisoned from having eaten cakes and chocolates with whipped cream at defendant's establishment. The evidence showed that he was poisoned as alleged. The lady who accompanied him at the time also became ill.

The petition, in Costello v. Morrison Cafeteria Co. of Louisiana, Inc., 18 La. App. 40, 135 So. 245, alleged that defendant knew or should have known that the cream cheese which it served to plaintiff was unwholesome and poisonous. Although the reported opinion does not disclose it, we may safely assume that the petition also alleged that the cream cheese was the cause of her illness. An exception of no cause of action tendered by defendant was overruled.

In Dotson v. Louisiana Central Lumber Co., 144 La. 78, 80 So. 205, defendant's sawmill was destroyed by fire, and Lorraine Dotson, an employee working on the third floor of the building, lost his life in the conflagration. His widow sued for damages.

Plaintiff, in Noble v. Southland Lumber Co., 4 La.App. 281, while waiting in a building, then under construction by defendant, to ascertain if he might be given employment, was struck by a falling plank.

It is to be noted that in all of the aforediscussed cases, the acts or omissions of the defendants constituted the proximate cause of the injuries and harms for which complaints were made.

From the evidence in the case under consideration, we notice that no foreign substance or matter was found in the beverage imbibed by plaintiff. He drank the entire contents, enjoyed such drink, and stated that it tasted like a good Coca-Cola. The mouth of the bottle was not broken. There were no cuts or burns in plaintiff's mouth or throat. Plaintiff was a hearty eater, it being admitted by him that he generally ate more than other people. Also, for exhibition purposes, and within several months prior to his illness, he took into his system large quantities of water. On one occasion he drank eleven glasses of water and one glass of beer in a continuous operation, and on another he consumed eight or ten glasses of water. He was also a frequent imbiber of whisky. Under cross-examination he was asked: "Do you remember one night when they gave you a gallon jug full of whiskey and you drank a lot of it without taking it from your lips?" His answer was: "I drank about half of it." And his testimony was that this was homemade whisky.

The medical testimony in the record regarding the cause of illness is enlightening and interesting. Dr. J. N. Jones, a witness for plaintiff, attended him during the illness. He states that the Coca-Cola caused the vomiting, but that he did not know what was responsible for the hemorrhages. He made no analysis of the contents of the bottle. No examination of the stomach was made by him and he was unable to say whether or not plaintiff had ulcers of the stomach. Under cross-examination, he explained that if it were proven that plaintiff's stomach was ulcerated, he believed

such ulcers caused the hemorrhages, for with ulcers of the stomach a pure Coca-Cola or anything else would occasion a hemorrhage.

Dr. Smith I. Sims, also called by plaintiff, saw him in the evening of the day the illness began. According to his testimony, excessive amounts of whisky taken at one time would have a tendency to weaken the stomach and destroy the tissue. He stated that he did not know what caused the hemorrhages suffered by plaintiff.

Dr. W. F. Rodgers made an examination of plaintiff for defendant company about two weeks after the illness began. He found the abdomen distended quite a bit and there was a slight area of tenderness about the middle of the abdomen in the region of his stomach. His conclusion was that plaintiff suffered from an ulcerated condition of the stomach.

As we have previously noted, the onus probandi, regarding the matter of whether or not the Coca-Cola was the proximate cause of the illness, lay with the plaintiff. In dismissing the suit, the trial judge no doubt concluded that the evidence on this point did not preponderate in plaintiff's favor. Our consideration and appreciation of the contents of the record lead us to the same conclusion.

In 45 C. J., p. 1213, we find the following with reference to the doctrine of res ipsa loquitur: "Accordingly, although the responsibility of defendant is ordinarily inferred, in conformity with the statements of the rule, from his management or control of the injuring agency, where all the facts connected with the occurrence fail to point to the negligence of defendant as the proximate cause of the injury, but show a state of affairs where it could with equal reasonableness and consistency be inferred that the accident was due to a cause or causes other than the negligent act of defendant, as where there are several persons or causes which might have produced the injury, some of which were under the control or management of defendant and others of which were under the control or management of the complaining party or of third persons, and the accident may have reasonably occurred by reason of acts for which defendant is not liable, the doctrine cannot be invoked. So the mere possibility that defendant's act could have caused the damage does not warrant the application of the doctrine, and the same is true where it is a matter of surmise or conjecture only that the damage was due to a cause for which defendant is liable."

Plaintiff, in the case of Russo v. Louisiana Coca-Cola Bottling Co. (La.App.) 161 So. 909, 910, claimed that in drinking from a bottle of Coca-Cola she swallowed two small bits of glass which were in the bottle when she purchased it. The Orleans Circuit of this court, through Judge Janvier, said: "Whatever may be the duty imposed by law upon a manufacturer of foodstuffs, or upon a bottler of liquid refreshments, there can be no liability unless the person who claims to have been injured under circumstances such as are alleged here first proves, by a preponderance of evidence, that the injury was actually sustained and that it occurred as alleged."

Plaintiff having failed to sustain the burden imposed on him, and it appearing that the illness may have reasonably occurred because of the condition of plaintiff's stomach, brought about by improper treatment thereof, we must necessarily hold that the doctrine of res ipsa loquitur is inapplicable to this case.

For the reasons herein given, the judgment of the trial court is affirmed.