317 So.2d 51 (1975)
Richard Harold BAKER
v.
FORD MOTOR COMPANY and Bagby Hall Motor Company.
No. 48192.
Supreme Court of Mississippi.
August 11, 1975.
*52 Scales & Scales, Fred T. Rucker, Jackson, for appellant.
Watkins & Eager, Hassell H. Whitworth, Heidelberg, Woodliff & Franks, Sam E. Scott, Jackson, for appellees.
Before RODGERS, ROBERTSON and BROOM, JJ.
ROGERS, Presiding Justice.
This is a products liability suit based upon the alleged failure of automobile brakes and the alleged failure of the defendant Bagby Hall Motor Company to inspect the automobile sold the appellant, Richard Harold Baker, resulting in the permanent injury of the appellant. In an amended declaration filed in the Circuit Court of the First Judicial District of Hinds County, Mississippi, the plaintiff/appellant alleged that the automobile was returned to Bagby Hall, at the request of Ford Motor Company, for the purpose of permitting the defendant, Bagby Hall, to correct the alleged defect in the brakes of the purchased automobile.
The trial court judge, after having heard the testimony offered by the plaintiff, sustained a motion for a directed verdict in favor of both defendants upon the ground that the testimony was not sufficient to establish a prima facie case against the defendants.
The burden of proof was upon the plaintiff to affirmatively show, by direct or circumstantil evidence, that the defendants violated some duty owed to the plaintiff, and that the failure to perform the duty resulted in injury to the plaintiff.
It has been held by this Court that the chief elements required to be proven in an action involving strict liability in tort are: (1) that the manufactured product left the manufacturer in a defective condition, (2) that the product was in the same condition at the time of the accident as it was when it left the factory, and (3) that the defect in the product was the proximate cause of the injury. Ford Motor Co. v. Matthews, 291 So.2d 169 (Miss. 1974); Coleman v. Ford Motor Company, 240 So.2d 607 (Miss. 1970); States Stove Manufacturing Co. v. Hodges, 189 So.2d 113 (Miss. 1966).
The plaintiff offered the testimony of his father to show that Ford Motor Company had written a letter to the plaintiff in which it advised him that there was a defect in the brakes of some of the automobiles of the model purchased by the plaintiff, and requested him to take it back to the agency from which it had been purchased for inspection and repair. Mrs. Peggy Baker remembered the letter and stated that she took the automobile back to Bagby Hall Motor Company, but stated that someone there told her that the man who did the work required by the letter was not there, that he was tied up and could not do it so that she would have to bring it back. She said she never took it back for repair. The defendant Ford Motor Company, however, produced a work order signed by plaintiff showing that the alleged defect was corrected on the automobile in November, "a couple of months before this accident occurred." The work order was offered for identification only.
Two witnesses, John R. Baker, father of the appellant, and James Pierce, were introduced to show the cause of the accident. Both witnesses were expert mechanics. Mr. Baker testified that the right front *53 wheel was locked after the accident and that he had to use a hammer to remove the wheel. He said the drum "had blue looking scuff marks along where your brake shoe fits your brake drum. The brake shoe was rough, too." He examined the brake line and testified that "There was too much brakes on the front of the car" and that this was caused by the size of the front brake line. He stated, however, that: "The accident didn't have anything to do with the brakes, sir."
The witness Pierce testified that he examined the front wheels of the automobile involved in the accident, that the left wheel was almost straight, that the right wheel was turned about forty-five (45) degrees to the right, and that the failure to release the brake fluid pressure was caused by a malfunction of the master cylinder. He stated that the brake shoes were scuffed and had ridges on them, and that the brake drum had hot spots on it caused by heat. He stated that the overheating of the brakes could have been caused by improper application of the brakes or improper driving, but that the heat could not have been caused by the accident.
Does this testimony, or reasonable inferences to be drawn therefrom, show that this automobile left the factory in a defective condition so as to be dangerous to the operator of the vehicle; and, if so, was it in the same condition at the time of the accident; and, finally, did the alleged defect cause the accident?
At the outset, it must be remembered that the automobile had been used as a demonstrator for some time before it had been sold to appellant, and that after it came into the possession of the appellant, it had been used by Mr. Baker and his wife, Mrs. Peggy Baker, for some time without any evidence of defect before the accident on January 20, 1968.
The declaration filed by the plaintiff charged "that the braking system in the front right wheel of said automobile was dangerous, hazardous and defective; and that because [of] said defective braking and braking system of said car, a freeze or lockup occurred in said brakes causing the vehicle to go out of control... ."
It is obvious that the testimony showing that the overheating of the brake could have been caused by improper application of the brakes does not sustain this allegation in the declaration. The testimony of Mr. Baker to the effect that "There was too much brakes on the front of the car" and his conclusion that this was caused by the size of the front brake line does not show that this condition existed at the time the automobile left the factory or that this was the cause of the accident.
Mr. John Baker testified that "They changed the lines on the front of it to cut the brake down on the front so it would have been less brakes on it." If the witness meant to say "Ford Motor Company" when he said "they," it is obvious that there was no faulty design since it was, in his opinion, necessary to reduce the brake pressure on the front of the automobile.
The testimony of Mr. Pierce was of a different nature; however, he said that, in his opinion, the master cylinder was defective in that it caused an uneven flow of brake fluid to the right front wheel causing it to freeze. He stated that the cylinder was still exerting pressure on the right front wheel when they examined it after the accident.
It is the contention of the defendants that admitting that the cylinder was defective after the accident was insufficient to show that the cylinder was defective when it left the factory, nor was it sufficient to show that the cylinder was defective before the accident and that its condition contributed to the cause of the accident.
The appellant argues, however, that when specific causal connection cannot be shown, the doctrine of "inferred negligence" or res ipsa loquitur should be applied where the facts are so constituted *54 that an "inference of causation" naturally springs from the facts shown.
In the case of Ford Motor Company v. Matthews, 291 So.2d 169 (Miss. 1974), we quoted from 2 Frumer and Friedman, Products Liability § 16A[4]e, at 3-306 to 3-310 (1973), as follows:
"`Absolute proof that injury was the result of the defect is not essential, and the burden of proof can be satisfied by showing sufficient facts to allow a jury to infer defective quality and that such defective quality was a substantial element in producing the claimant's injury.'" 291 So.2d at 173.
We also quoted from Tombigbee Electric Power Association v. Gandy, 216 Miss. 444, 62 So.2d 567 (1953), in the case of Goodyear Tire and Rubber Co. v. Brashier, 298 So.2d 685 (Miss. 1974), as follows:
"`We are fully mindful of the rule that negligence may be established by circumstantial evidence and that the causal connection between an agency and the injury need not be shown by direct evidence, but this rule is qualified to the extent that the circumstances shown must be such as to take the case out of the realm of conjecture and place it within the field of legitimate inference. (216 Miss. at 454, 62 So.2d at 570).'" 298 So.2d at 688.
A manufacturer is not liable for mechanical defects in an automobile which did not cause or contribute to the cause of the accident. Walton v. Chrysler Motor Corp., 229 So.2d 568 (Miss. 1969).
The text writer in 63 Am.Jur.2d Products Liability § 89, at 95 (1972), points out:
"Of course, reliance upon the doctrine of res ipsa loquitur does not relieve the plaintiff of the necessity of showing that the product in question was actually defective, and was the proximate cause of the alleged injury."
It is said: "This necessity of proving defectiveness of the product applies no matter what theory governs the particular action: negligence, breach of express or implied sales warranty, strict liability, or any other theory." 63 Am.Jur.2d Products Liability § 9, at 19 (1972).
In the case of Watts v. Ouachita Coca-Cola Bottling Co., 166 So. 151 (La. App. 1936), a Louisiana case predicated upon the alleged negligence of the defendant bottling company, where the plaintiff became ill after drinking a bottle of Coca-Cola, the Court of Appeals of that state said:
"For the doctrine of res ipsa loquitur to be applicable to the case at bar, it must first be shown by plaintiff, and this essential appears to be recognized by him, that the Coca-Cola was injurious and that his illness resulted therefrom. Such doctrine does not dispense with the requirement that the act or omission upon which defendant's liability is predicated be established as the proximate cause of the alleged injury. 45 C.J., p. 1212." 166 So. at 152.
In order for the appellant to recover in the instant case, it must have appeared from the record that there was a dangerous defect in the braking system of the automobile, that this defect was there at the time the automobile left the factory, and that this defect caused or contributed to the injury of the plaintiff.
The testimony does not show that the defendants (or either of them) changed the lines. Moreover, if they were changed by someone, they were not the lines originally put on the automobile by the manufacturer. In addition, Mr. Pierce testified that the overheating of the brakes could have been caused by improper application of the brakes or improper driving.
Taking the evidence in this case line by line, and giving all inferences that may be drawn from the evidence by the accident *55 itself, or res ipsa loquitur,[1] we are unable to find evidence sufficient to make out a prima facie case against either of the defendants.
The judgment of the trial court is, therefore, affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, INZER, SMITH, SUGG, and WALKER, JJ., concur.
NOTES
[1] Res ipsa loquitur literally means "the thing speaks for itself." See 63 Am.Jur.2d Products Liability § 89, at 94 (1972).