## No. 416.

## H. DOLL *v.* HENRY WEBER.

1. Where a party files an assignment of errors, in a case coming up on statement of facts, this Court will confine itself exclusively to the errors particularly assigned.

2. A statement of facts, in a case coming to this Court on law alone, should be a statement of the ultimate facts or propositions which the evidence was intended to establish, and not a mere resumé of the evidence given below. It must be sufficient in itself, without inferences, or balancing of testimony. Without these qualities, it is not a statement to be here acted upon.

3. Where the Judge finds what he regards as the ultimate facts of a case, appellant cannot assign as error that there were other or different facts established ; nor can the assignment proceed upon the assumption that there were such further or different facts.

4. An assignment must fully and plainly state the error complained of. Nothing can be assigned which depends upon the facts of the case, or which might have been cured below by legal evidence upon the trial.

*Appeal from Civil District Court, Division D. Righlor, J.*

*E. K. Skinner* for plaintiff, appellee.

*W. W. Handlin* for defendant, appellant.

KELLY, J.—This is a case involving less than five hundred dollars, as to which the appellate jurisdiction of this Court is limited to questions of law only.

There was a special finding of facts by the Judge *a quo,* and the question of the sufficiency of the facts so found, in law, to warrant the judgment rendered, might have been brought before this Court for determination by appeal, which would have been maintainable, upon that question, without any formal assignment of error having been made in this Court. But the appellant has seen proper to make a formal assignment of the errors of which he complains; and where such formal assignment is made, the Court is not called upon to inquire whether there be or be not other error apparent on the record than as specially assigned by the appellant. See Gex vs. Rehm, No. 261 of the docket of this Court.

It is not assigned as error that the facts found by the Judge

are insufficient to support the judgment, but that the appellant was entitled to " a statement of all the facts in the case, and not merely the conclusions of the Judge upon the facts."

In Alford vs. Heyman & Levy, No. 260 of the docket of this Court, occasion was taken to quote, as applicable to appellate procedure in the class of cases as to which the jurisdiction of this Court is limited to questions of law alone, the language of the Supreme Court of the United States in Burr vs. Des Moines Co., 1 Wallace, 102, where it was said: " The statement of facts on which this Court will inquire if there is or is not error in the application of the law to them, is a statement of the ultimate facts or propositions which the evidence is intended to establish, and not the evidence on which the ultimate facts are supposed to rest. The statement must be sufficient in itself, without inferences or comparisons, or balancing of testimony, or weighing of evidence, to justify the application of the legal principles which must determine the case. It must leave none of the functions of a jury to be discharged by this Court, but must have all the sufficiency, fulness and perspecuity of a special verdict. If it requires of the Court to weigh conflicting testimony, or to balance admitted facts, and to determine from these the propositions of fact on which alone a legal conclusion can rest, then it is not such a statement as this Court can act upon."

The learned Judge *a quo* finds certain ultimate facts, and states that further he cannot find. The first assignment of error proceeds upon the assumption that there *were other* facts established by the proof, which ought to have been stated by the Judge. But error cannot be assigned on such ground, even where the appellate jurisdiction extends to questions of fact as well as of law.

In Kroeubler vs. Bank, 12 R. 456, it was held that, in an assignment of error, the errors must be plainly and fully stated; and that nothing can be assigned as error which depends upon the facts of the case. " There are many decisions of this Court," it was said, "stating what can be assigned as apparent error;

and there are no principles better settled than that the party complaining must plainly and fully state the errors, and that nothing can be assigned which depends upon the facts of the case, nor which could have been cured by legal evidence on the trial."

The second and third assignments seek directly to raise questions as to the correctness of the finding of facts by the Court below, and the sufficiency of it, upon the evidence before it; matter not assignable as error of law, and as to which, furthermore, the jurisdiction of the lower court is made by the Constitution final, and not subject to review by this Court on appeal.

The judgment appealed from is therefore affirmed at appellant's cost.