ELLIS, Judge.
The automobile accident giving rise to this litigation occurred February 10, 1962 about 6:30 P.M. at the intersection of U. S. Highway 190 and Range Avenue in the Town of Denham Springs, Livingston Parish, Louisiana. Percy Stafford and his wife, Mrs. Sadie Stafford, were guest passengers in a 1953 Ford sedan owned and operated by Bruce Robertson. The Staf-fords instituted suit against Willie L. Duffy, the driver of the other vehicle, and his public liability insurer, the Insurance Company of State of Pennsylvania, for personal injuries sustained by them in the collision. Suit was also instituted by Willie L. Duffy and his collision insurer, the Insurance Company of State of Pennsylvania, against Bruce Robertson, for damages to the 1960 Chevrolet sedan owned and operated by Willie L. Duffy. These two suits were consolidated for trial on the merits.
The lower court rendered judgment in favor of Percy Stafford and against Willie L. Duffy and the Insurance Company of State of Pennsylvania in the amount of $1,117.70 and in favor of Mrs. Sadie Stafford and against the same defendants in the sum of $1,500.00. The demands of Willie L. Duffy and the Insurance Company of the State of Pennsylvania against Bruce Robertson for damage to the Duffy vehicle were rejected.
Willie Duffy was proceeding east on U. S.Highway 190 in the north or left lane for eastbound traffic at a speed of approximately 40 miles per hour. Bruce Robertson had been proceeding in the opposite direction. Robertson approached the intersection in the left turn lane, stopped, and then proceeded to execute a left turn south onto Range Avenue. The intersection was controlled at the time by a single three-color traffic light which, at the moment of the accident, indicated green for the traffic on U. S. Highway 190.
It is not clear from the evidence whether or not there were any markings on the asphalt highway other than the single line separating eastbound from westbound traffic. Nor is it clear whether the highway at this point consisted of two east and two westbound traffic lanes plus left turn lanes, or whether it consisted only of four-lanes, the two inner lanes serving also as left turn lanes.
As Duffy approached the intersection,, there were two or three cars stopped in the- *704 inner or left-hand turn lane on the eastbound side of the highway waiting for westbound traffic to clear. It is the contention of the plaintiffs that Duffy approached the intersection in the inner lane as if to slop and execute a left turn. This is denied by Duffy.
Robertson testified that he did observe the Duffy vehicle initially when it was 250 to 300 feet from the intersection and that he believed he had enough time to execute the left turn. This is, of course, inconsistent with a belief that Duffy intended to stop and then turn left. Robertson next saw the Duffy vehicle after it came around the halted eastbound-left turning automobiles at an estimated distance of 150 feet.
That Robertson was negligent and that his negligence was the proximate cause of the accident cannot be seriously disputed. The execution of a left turn is a hazardous undertaking and the law imposes on the driver attempting such a maneuver the duty of extreme caution. The fact that Robertson observed the Duffy vehicle approaching but that he temporarily lost sight of it as it passed behind the stopped vehicles indicates a lack of necessary care. Assuming, as Robertson contends, that Duffy was in the inner lane, Robertson can find no relief from this fact. Duffy had a right to proceed through the intersection in either lane and could certainly change his lane to accomplish his purpose. Duffy gave no left turn signal and did not decelerate.
The case of Burton v. Allstate Insurance Company, La.App., 139 So.2d 817, sets forth a rule of law relative to instances in which left-turning drivers may be found free of negligence as follows:
“ 'Cases holding free of negligence the left-turning driver, who made proper signal and commenced a left turn upon a reasonable belief after observing approaching traffic that such turn would not unduly interfere with the progress of such approaching traffic despite which an accident occurred; the sole proximate cause of which was held to be the excessive speed, lack of lookout, and/or lack of control on the part of the approaching vehicle in failing to observe the seasonably-signalled left-turn intent of the other vehicle and continuing an approach theretowards without attempting to bring the approaching vehicle under control.’ ”
The facts in the instant case, however, do not indicate that Robertson made a proper signal or that, if he had, Duffy could have seen it. Nor do the facts indicate that Duffy was traveling at an excessive rate of speed, or that he failed to keep a proper lookout or keep his car under control.
It is most difficult, as the record in this case discloses, to arrive at any acceptable estimate as to the speed of the vehicle from the length of the skid marks left by that vehicle. The reason for this is that the distance required to bring a moving vehicle to a stop after the application of brakes at any given speed will vary with the weight of the vehicle, the condition of the tires, the efficiency of the brakes, and the material used in the construction of the road. It is the road, tires and weight of the vehicle which determine the friction developed. However, scientific charts have been developed which, while they cannot be accepted as conclusive, do indicate a relationship between speed and skid marks under situations involving various coefficients of friction. Such a chart appears on page 452 of the Desk Book of American Jurisprudence 2d. As there was no evidence in the instant case as to the proper coefficient of friction to be used in determining the speed of the Duffy vehicle, reference to the chart will not produce conclusive results. Such reference is none the less illuminating.
Accepting Lt. Achord’s estimate that the Duffy vehicle left skid marks 120 feet long, and accepting Duffy’s testimony that he was traveling at approximately 40 miles per hour, which is uncontradicted, the chart *705 above referred to indicates that these skid marks would be produced if the effective coefficient of friction expressed in percentage had been 50%. Had the effective coefficient of friction been 100%, skid marks would have been 120 feet long as just under 60 miles per hour.
Accordingly, we must conclude from the uncontradicted testimony of Mr. Duffy that he was in fact traveling at a speed of 40 miles per hour and that skid marks 120 feet in length are not incompatible with such a speed.
The question to be determined by this court is whether or not Duffy was guilty of any negligence proximately causing the accident. We do not believe that he was. Certainly, a motorist proceeding in a proper lane on a major highway observing a green light is not required to assume that left-turning vehicles will not yield the right-of-way to him. On the contrary, he has every right to assume that such drivers will yield to him.
Mr. Robertson testified that he saw the Duffy vehicle when it came from behind the stopped eastbound automobiles and at that time Duffy was about ISO feet away. If it be true that the parked automobiles blocked Robertson’s view of Duffy until the two were ISO feet apart, it is equally true that the same automobiles blocked Duffy’s view of Robertson. The test to be applied in this situation to determine whether or not Duffy is guilty of any negligence proximately causing this accident is whether or not he could have stopped in time to have avoided the accident. According to the chart on page 453 of American Jurisprudence 2d, Desk Book, the required stopping distance for an automobile with good brakes at 40 miles per hour is 178 feet. It becomes obvious then that as Duffy could not have avoided the accident and as he was not under any duty to yield to left-turning automobiles, or under any duty to assume that they would not yield to him, he was not guilty of any negligence proximately causing this accident.
As Mr. and Mrs. Stafford did not sue Bruce Robertson, it is not necessary to discuss their injuries which were minor and entirely subjective. Mr. Duffy testified he was not injured and has made no demand against Mr. Robertson for personal injury.
Damages to the Duffy automobile amounted to $591.11, of which amount Mr. Duffy paid $50.00 and his collision insurer, the Insurance Company of the State of Pennsylvania, paid the balance.
It is therefore ordered that the judgment rendered in favor of plaintiffs, Percy Stafford and Mrs. Sadie Stafford, be and it is hereby reversed.
It is further ordered, adjudged and decreed that there be judgment herein in favor of Willie L. Duffy for $50.00 and in favor of the Insurance Company of the State of Pennsylvania for $541.11, both against Bruce Robertson.
Reversed.