181 So.2d 459 (1965)
Wilbert FAIRMAN
v.
Frank Ford ROBERT, Sr., et al.
No. 6489.
Court of Appeal of Louisiana, First Circuit.
December 21, 1965.
*460 Joel B. Dickinson, Baton Rouge, for appellant.
David W. Robinson, of Watson, Blanche, Wilson, Posner & Thibaut, Baton Rouge, for appellees.
Before LOTTINGER, LANDRY, REID, BAILES and F. S. ELLIS, JJ.
LANDRY, Judge.
An intersectional collision between an automobile owned and driven by plaintiff, Wilbert Fairman, and a vehicle owned by defendant, Frank Robert, Sr., but being driven by his minor son, Frank Robert, Jr., prompted this action by plaintiff against the senior Robert and his insurer, The Fidelity & Casualty Company of New York, to recover property damages sustained by plaintiff therein. Both defendants reconvened for damages to the Robert vehicle. Trial below resulted in the rejection of both the main and reconventional demands. Plaintiff has appealed and defendants, though having answered the appeal reurging their reconventional demand, now concede their reconventional demand must fall because of their failure to adduce before the trial court proper proof thereof.
No transcript of testimony was taken in the court below. The entire record before us consists of the pleadings, minute entries and a summation of the testimony of the witnesses denominated by the trial court as a "Statement of Fact" which we quote in full as follows:

"STATEMENT OF FACT AS PREPARED BY THE COURT
Wilbert Fairman, plaintiff, testified that he was traveling north on Perkins *461 Road at approximately 35 miles per hour. As he approached the intersection of Perkins Road and Staring Lane, he saw a car coming south, which reached the intersection before he did. He further testified that the south bound car, driven by Frank Robert, Jr., made a left turn on Staring Lane when he was 35 to 40 feet from the intersection. Additionally, he testified that he thought that the Robert car had come to a stop in the intersection before attempting its turn. He further testified that he applied his brakes in an attempt to stop and that he did not attempt to go around the Robert's vehicle because of the raised median in the center of Perkins Road.
Frank Robert, Jr. testified that he was traveling south on Perkins Road and that he had stopped at the intersection of Perkins Road and Staring Lane for the purpose of making a left turn onto Staring Lane; that prior to making this turn, he looked but did not observe any traffic approaching from the north of Perkins Road; that he signaled for a left turn but that he could not complete the turn because of an unidentified vehicle, which preceded him into the intersection, had for some unknown reason stopped; that as he was making his turn he noticed Fairman's vehicle which was rounding a curve approximately 150 yards from the intersection; that thereafter he was struck on the right side by the plaintiff's automobile.
A colored boy by the name of Davis testified that he was in front of a barber shop which is across the street from the intersection and heard brakes squealling (sic) and looked around but, by that time, the collision had occurred.
A witness to the accident, Eileen Breton, testified that she had driven up to the intersection and was waiting for the traffic to clear; that Robert turned left across the intersection; that the Fairman car was approaching from the south; that she did not believe that he applied his brakes or attempted to stop.
Trooper C. J. Deslatte, the investigating officer, testified that at the point of the accident, Perkins Road is a two lane highway going north and south; that there is a caution light at the intersection for traffic on Perkins Road; that the road was dry, weather clear and that the accident occurred in daylight hours; that there were no visible skid marks made by the Fairman vehicle.
Damages were shown to plaintiff's automobile in the amount of Two Hundred Fifty-Eight and 01/100 ($258.01) Dollars and the cost of towing and storage was Forty-Four ($44.00) Dollars, together with the amount of Three Hundred Twelve and 25/100 ($312.25) Dollars paid for a rental automobile."
As indicated by the statement quoted and the argument of counsel on appeal, plaintiff maintains defendant negligently made a left turn in the path of his oncoming vehicle when plaintiff was approximately 40 feet distant and that plaintiff applied his brakes but was unable to avert a collision. Defendants having abandoned their reconventional demands, the sole issue raised by the instant appeal is whether the trial court erred in rejecting the main demand of plaintiff.
Our jurisprudence is now well established to the effect that a left turn is one of the most dangerous maneuvers a motorist can make, consequently a left turning motorist is charged with the duty of first ascertaining the way is clear of normally proceeding oncoming and overtaking vehicles which may be affected thereby and that such intended action may be undertaken with reasonable safety. Stafford v. Insurance Company of State of Pennsylvania, La.App., 170 So.2d 702; Malone v. Fletcher, La.App., 44 So.2d 352.
*462 On the other hand, a motorist desiring to make a left turn is not required to wait until no approaching or overtaking vehicles are in sight, but may execute such maneuver whenever oncoming or overtaking vehicles are so far distant or removed that the intended turn may be made with reasonable safety under the circumstances. Moncrieff v. Lacobie, La.App., 89 So.2d 471; Romans v. New Amsterdam Casualty Co., La.App., 137 So.2d 82; Valenti v. Allstate Ins. Co., La.App., 156 So.2d 87; Potts v. United States Fidelity & Guaranty Co., La.App., 135 So.2d 77.
Considering the instant case in the light of the foregoing applicable rules, it will be readily observed the testimony before us is in conflict with respect to two important issues, namely: First, whether defendant made the turn when it appeared reasonably safe to do so and was required to stop in the intersection because his way was impeded by a proceeding motorist or, whether, as contended by plaintiff, defendant made a sudden and abrupt turn directly across the path of plaintiff's oncoming automobile when such action was manifestly unsafe and dangerous. Second, whether or not plaintiff applied his brakes in an effort to avoid the accident. On this latter score, plaintiff and his witness, Davis, testified to the affirmative while the absence of skid marks and the uncertain belief of Eileen Breton suggests the negative. Unfortunately, the conclusions of fact found by our esteemed brother below are not contained in the "Statement of Fact", although it does contain a finding with regard to the amount of damages sustained by plaintiff.
The rules governing the constitution of a record on appeal where no transcript of testimony is made in the trial court are found in LSA-C.C.P. Articles 2130 and 2131, which provide as follows:
"Art. 2130. Record on appeal; statement of facts
A party may require the clerk to cause the testimony to be taken down in writing and this transcript shall serve as the statement of facts of the case. The parties may agree to a narrative of the facts in accordance with the provisions of Article 2131."
"Art. 2131. Same; narrative of facts
If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive."
The jurisprudence establishes that the narrative of facts contemplated in such instances should contain conclusions and findings of fact by the trial court. Doll v. Weber, 2 McGloin 168. The hereinabove cited codal authority consolidates the provisions of our 1870 Code of Practice, Articles 601-603, with a change only in the time of filing. Former Article 602, supra, refers to the narrative of facts as a "statement of the facts proved in the cause." Such a narrative is "conclusive" upon the appellate court. See LSA-C.C.P. Article 2131; Holloway v. Willis, La.App., 134 So. 2d 79.
Our research discloses that upon at least one occasion a matter has been remanded to the trial court to permit introduction of evidence necessary to determine whether the court of original jurisdiction committed an error of law when its summary of the evidence revealed the failure to adduce necessary testimony at the initial trial. Pelican Signs v. D'Aquin, La.App., 107 So.2d 722. The decision in the D'Aquin case, supra, was based on former Code of Practice, Article 906, which provided for the remand of cases where necessary evidence had not been introduced.
*463 Regarding the subject matter under discussion this court in Rosen v. Shingleur, La.App., 47 So.2d 141, stated:
"This question must be determined from the entire record of this suit. The pertinent part of the record contains plaintiffs' petition, the answer of the defendant, concise and well written reasons of the trial judge for his final decree, in which said written reasons he gives a complete summary of the facts, his conclusions of these facts, a discussion of the contentions of the parties and the law involved, and the final decree rendered by virtue of these written reasons. It may be stated at this time that the record lacks a transcript of the evidence taken at the trial. However, we can, and we will, consider the written reasons of the trial judge contained in the record as a `statement of facts' as required by Code of Practice, Article 603, it being sufficient to determine the question involved in this case." (Emphasis added.)
The same rule was enunciated in Penfield v. Sowel, La.App., 85 So.2d 347. More recently, the rule has been restated in Succession of Seals, La.App., 142 So.2d 629, as follows:
"* * * The rule of construction is, however, that where written reasons of the judge a quo reveal substantially all of the material testimony and the record is sufficiently complete to permit full consideration of the issues presented on appeal, the motion to dismiss will be denied."
Although Succession of Seals, supra, was reversed by the Supreme Court on other grounds (see Succession of Seals, 243 La. 1056, 150 So.2d 13), the Supreme Court in its decision expressly repeated and reaffirmed the rule as stated. A more comprehensive summary of this and related matters is to be found in Clark v. Richardson, La. App., 157 So.2d 325.
Nothing in the present record indicates a failure to adduce vital and pertinent evidence in the court below. Moreover, it appears no useful purpose would be served by a remand of the present matter to obtain the trial court's conclusions and findings of fact. Under the circumstances shown, it is obvious the trial court either believed defendants' witnesses, or concluded plaintiff failed to discharge the burden of proof incumbent upon him, or found plaintiff guilty of contributory negligence. It is equally patent the present matter must turn upon the facts established below.
It is a fundamental rule of appellate review that a factual determination of a trial court will not be disturbed on appeal in the absence of manifest error. Thomas v. Morgan City Canning Co., La.App., 69 So.2d 548; Bickham Motors, Inc. v. Bickham, La.App., 104 So.2d 442. The rule is of special application when the testimony is conflicting and the trial court must evaluate the credibility of witnesses in determining wherein lies the truth. Fabre v. Grain Dealers Mutual Insurance Co., La.App., 99 So.2d 380; Hebert v. Chargois, La.App., 106 So.2d 15. In the case at bar we see no error and none has been directed to our attention.
If, as defendant contends, he pre-empted the intersection at a time when the contemplated left-turn could normally have been completed in safety, but he was required to stop in the intersection because of the unexpected action of a preceding driver, defendant was guilty of no negligence whatsoever. The law does not require that, when two or more following vehicles are turning left at an intersection, each must stop until the preceding automobile has cleared the intersection, unless, of course, the circumstances are such that a following driver knew or should have known preceding traffic would be detained so that he could not completely negotiate the turn without impeding or endangering other traffic. Plaintiff's contentions on appeal are predicated entirely upon the correctness *464 of his own version of the accident. It completely ignores the contradictory testimony in the record which was obviously accepted by the trial court.
The onus was incumbent upon plaintiff to establish his case by a clear preponderance of the evidence. Plaintiff having failed to convince the trial court, we cannot, on the basis of the record before us, conclude that the lower court erred in its evaluation of the testimony.
For the foregoing reasons the judgment of the trial court is affirmed at appellant's cost.
Affirmed.