GLADNEY, Judge.
This appeal involves an action for damages resulting from an automobile collision filed on behalf of Southern Farm Bureau ■Casualty Insurance Company, subrogee of its insured John P. Whittington, against the Plome Indemnity Company and its insured, ■G. M. Richardson. The defendants have •appealed from a judgment in plaintiffs’ favor.
On October 21, 1964 Richardson was •driving his automobile east on an alley intersecting with the Mansfield Road in the 6500 block. Due to heavy traffic Richardson was stopped at the west side of the Mansfield Road waiting for a line of cars to pass in order that he might enter the two-lane thoroughfare, turn left and proceed north. While he was thus waiting, the driver of a pick-up truck proceeding south along the highway, stopped and motioned Richardson into the Mansfield Road. As he entered the main thoroughfare and began his left turn he was struck by the Whittington automobile. The latter vehicle was traveling north, struck the Richardson car as it was making its left turn and continued forward about forty feet to strike a telephone pole. The speed limit on the Mansfield Road is 35 miles per hour. Whittington testified he believed he was driving within this limit when the Richardson automobile emerged out of the traffic on the southbound lane; that he immediately applied his brakes and attempted to avoid striking the other vehicle but without avail. Richardson testified that when he started his movement forward he was in low gear and had commenced to make his left turn when he saw the truck driver signal to indicate traffic was approaching from the south; and that accordingly he turned as far to his left as he could, but that his car was struck on the back fender and front door on the right side.
It is the contention of appellants that the judgment of the trial court is in error in finding that Whittington was free of negligence which was a proximate cause of the collision, pointing out that after Whitting-ton had applied his brakes the car proceeded more than 126 feet to the point of impact. As we understand the argument presented by the appellants it does not seriously deny that Richardson was guilty of negligence, but asserts that Whittington also was guilty of negligence by driving at an excessive rate of speed, which factor was a proximate cause of the accident.
We think the evidence clearly preponderates that Whittington was driving at a lawful rate of speed. His testimony is corroborated by another witness who was a *193 passenger in his automobile. Appellants present in opposition to this evidence the contention that the Whittington automobile was being driven in excess of 35 miles per hour because of the length of the skid marks left by that vehicle. In the proximity of the point of impact the east shoulder of the Mansfield Road is constructed of gravel. At least a substantial portion of the distance traversed by the Whittington automobile after application of its brakes was over this gravel. Furthermore, the testimony of the police officers with respect to the measurement and accuracy of the skid marks is unsatisfactory. We cannot therefore arrive at any acceptable estimate as to the speed of the vehicle from the length of the skid marks in the instant case. It is well known that the distance required to bring a moving vehicle to a stop after the application of brakes at any given speed will vary with the weight of the vehicle, the condition of the tires, the efficiency of the brakes and the material used in the construction of the road. Stafford v. Insurance Company of the State of Pennsylvania, La.App., 170 So.2d 702 (1st Cir. 1964); Randall v. Baton Rouge Bus Company, La.App., 114 So.2d 98 (1st Cir. 1959).
It is our conclusion that the positive testimony of Whittington and the supporting testimony that his vehicle was not proceeding at an excessive rate of speed outweighs the testimony with respect to the skid marks. Stafford v. Insurance Company of State of Pennsylvania, supra.
It is our finding that appellants have failed to establish that the speed of the Whittington automobile was a proximate cause of the accident.
It also follows that Richardson was negligent in entering the main thoroughfare from an alley or private drive in the face of the congested traffic at the time on the Mansfield Road.
Finding no error in the judgment of the trial court, it is affirmed at appellants’ cost.